Carroll & Co. v. New Orleans, Jeckson and Great Northern Railroad Company.

## Nos. 3281, 3282.

D. R. CARROLL & CO. *v.* NEW ORLEANS, JACKSON AND GREAT NORTH-
ERN RAILROAD COMPANY, and ALCUS, SCHERCK & CO. *v.* The
Same. Consolidated.

The growers of certain cotton shipped the same to the respective plaintiffs, by the New
Orleans, Jackson and Great Northern Railroad. The cotton was destroyed by fire
while in one of the railroad company's cars. The insurance company in which it was
insured paid the loss, and the question is, whether the insurance company can recover
its loss from the railroad company ? It must be answered negatively.

There was no contract between the two companies; consequently there was no obligation
from the one to the other. There was no conventional subrogation from the assured to
the assurers, and there was certainly no legal subrogation by which payment by the one
entitled them to payment from the other.

The insurance company paid the loss for which they received a premium for insuring
against, to the persons who suffered the same. As there was no obligation between them
and the railroad company, and as no obligation existed towards them from the railroad
company, they have no claim against it.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,*
J. *Albert Voorhies,* for plaintiffs and appellees. *L. E. Simonds,*
*Hays & New,* for defendant and appellant.

MORGAN, J. The party in interest in both these suits is the Mer-
chants' Insurance Company. The growers of certain cotton shipped
the same to the respective plaintiffs by the New Orleans, Jackson and
Great Northern Railroad. Its loss by fire during transit was assured
against in the Merchants' Insurance Company. It was destroyed by
fire while in one of the railroad company's cars. The insurance com-
paay paid the loss. The question here is, whether the insurance com-
pany can recover its loss from the railroad company ? We think not.
There was no contract between the two companies; consequently there
was no obligation from the one to the other. There was no conven-
tional subrogation from the assured to the assurers, and there was
certainly no legal subrogation by which payment by the one entitled
them to payment from the other. The insurance company paid the
loss for which they received a premium for insuring against to the
persons who suffered the same. As there was no contract between it
and the railroad company, and as no obligation existed towards them
from the railroad company, they have no claim against it.

It is therefore ordered, adjudged and decreed that the judgment of
the district court in both cases be avoided, annulled and reversed, and
that there be judgment in favor of the defendants, with costs in both
courts.

---

TALIAFERRO, J., *dissenting.* These suits were brought against the
railroad company to make them liable, as common carriers, for certain
cottons consigned to the plaintiffs as factors of the owners of the

cotton, which was taken upon their cars at station No. 12, under contract of affreightment to be delivered in New Orleans, but which the company failed to deliver. The cotton was insured at the office of the Merchants' Insurance Company. The loss of the cotton being ascertained, the consignees applied to the company under the contract of insurance and were paid the value of the cotton, and the money was paid over to the owners. It seems that the names of the parties appearing in these suits as plaintiffs, are used by their consent by the Merchants' Insurance Company, the real plaintiff in both cases. The defense is:

*First*—That the cotton was burned by unavoidable accident in spite of due care and diligence on the part of defendant.

*Second*—And even if unavoidable accident be not established by defendant's evidence, the burden of proof is on the insurance company to show negligence, inasmuch as its claim is not for non-delivery under a contract of affreightment, but is the claim of a third party claiming damages resulting from the fault of the defendant.

*Third*—The real owners of the cotton, the planters, have received from the insurance company, under its contract with them, the value of the cotton, and have no interest in the suit.

There was judgment in favor of the plaintiffs, and the defendants have appealed.

The cotton, it appears, was properly stored at Brookhaven in a close box car, having no other openings than the doors which were locked, and remained so until the fire burst forth while the train was on the side track at Magnolia. The defendants contend that however the fire may have originated it seems to have been an unavoidable accident. It is clear that the destruction of the cotton by fire under the circumstances shown, does not relieve the railroad company from liability to pay for it.

The defendant contends that no conventional subrogation to the rights of the owner of the cotton is alleged or shown on behalf of the insurance company ; that the insurance company was not bound with or for the defendant, in the sense of the Civil Code, nor had an interest in discharging the debt.

The cotton was insured against fire. It was destroyed by fire. The railroad company was principally bound. Its liability was *prima facie* fixed and could only be avoided by showing affirmatively on its part that the accident and loss resulted from *vis major*. In every other contingency the law would attribute the loss to negligence on the part of the carriers, or to events which it was in their power, or that of their agents to prevent. The insurance company was bound to make good a loss arising from a casualty against which it had expressly

Carroll & Co. v. New Orleans, Jackson and Great Northern Railroad Company.

insured the owners. It chose to pay the indemnity and look to the common carriers for reimbursement. If the latter were bound to make good the loss, what difference to them whether they paid the owners or the insurers? In a suit by the insurers against the carriers, the latter could set up all the defenses against the insurers which they might have made in a suit against them by the owners. Being bound to the owners to indemnify them for the loss that occurred, and having discharged that obligation I am clearly of the opinion the insurance company stands subrogated by law to all the rights of the owners against the carriers, as they certainly are upon general principles of equity. Civil Code, articles 2160, 2161.

WYLY, J. I concur in this dissenting opinion.

Rehearing refused.