that he was in the course of his employment. Conclusions of law do not have to be alleged.

[4] Plaintiff has properly claimed, in the alternative, compensation as an employee under the statute. Pierre v. Barringer, 149 La. 71, 88 South. 691.

For the reasons assigned, the judgment appealed from is annulled and reversed, and it is ordered and decreed that the exception of no cause of action be and the same is hereby overruled, and this case is remanded to be proceeded with according to law and the views herein expressed; defendant to pay costs of this appeal, all other costs to await final judgment.

ST. PAUL, J., concurs in the decree.

Rehearing refused by Division A, composed of Chief Justices PROVOSTY and Justices OVERTON and LECHE.

---

(91 South. 854)

No. 24450.

**BOUCHON v. SOUTHERN SURETY CO. et al.**

(April 3, 1922. Rehearing Denied by Division A May 15, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Master and servant** ⬤⟲420—**Employer not liable for attorney's fee under compensation statute.**

Workmen's Compensation Law, § 22, providing that fees of attorneys for services thereunder shall be reasonable and measured according to the workman's station, and approved by the court, does not impose liability for such fee on the employer.

2. **Master and servant** ⬤⟲389—**Insurer not entitled to be subrogated to compensated employé's rights against wrongdoer.**

Under Act No. 20 of 1914, § 7, as amended by Act No. 38 of 1918, subrogating an employer pro tanto to an employé's rights of action against third persons, causing injury for which compensation is paid, and Civ. Code, arts. 2159, 2161, relative to subrogation, one insuring an employer against liability has no right

to be subrogated to the employé's claim against a third person, especially where the provisions of the policy are not proved to show that it had any such right as between it and the employer.

Appeal from Civil District Court, Parish of Orleans; Wynne G. Rogers, Judge.

Action under the Workmen's Compensation Law by the widow of Joseph Bouchon against the Southern Surety Company and others, for compensation for the death of her husband. From a judgment for plaintiff for an insufficient amount, she appeals. Amended and affirmed.

W. Alexander Bahns, of New Orleans, for appellant.

Bertrand I. Cahn, of New Orleans, for appellees.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

DAWKINS, J. Plaintiff sued the employer of her deceased husband for compensation under the Workmen's Compensation Law (Act No. 20 of 1914), and also made the Southern Surety Company, which had insured the employer against liability under said law, a party defendant, praying for judgment in solido. In addition to the demand for funeral expenses and compensation, she claimed attorney's fees for the prosecution of said suit.

Defendants admitted liability for the funeral expenses, and for compensation at a rate $1.10 per week less than was claimed, denied that they should be condemned for attorney's fees, and denied that plaintiff had made amicable demand. They further averred that they had been ready and willing to pay the amounts admitted to be due, provided plaintiff would execute an act of subrogation against the New Orleans Railway & Light Company, through whose fault it was alleged deceased lost his life. Defendants prayed that the amount due plaintiff be fixed at the sum they admitted to be due; that

the demand for attorney's fees be rejected; and that the defendant surety company be decreed subrogated to all the rights, claims, and actions of the plaintiff against the New Orleans Railway & Light Company, for the amount so found to be due, reserving her right to recover the remainder, if any, of said claim against said railway company.

There was judgment for plaintiff for $14.40 per week for 300 weeks and for $100 funeral expenses, as demanded in the petition, but denying the attorney's fees, and subrogating the Southern Surety Company to the rights, claims, and actions of plaintiff against the railway and light company for such amounts as it shall pay to plaintiff under said judgment. Plaintiff has appealed.

## Opinion.

The only questions before us, therefore, are as to whether plaintiff is entitled to attorney's fees against the defendants, and whether or not they should be subrogated pro tanto to the rights of plaintiff against the New Orleans Railway & Light Company for such amounts as they shall pay to plaintiff.

## Attorney's Fees.

[1] Plaintiff relies upon section 22 of the original compensation statute (No. 20 of 1914) known as the Burke-Roberts Employers' Liability Act. That section reads:

"That claims or payments due under this act shall not be assignable and shall be exempt from all claims of creditors and from levy or execution or attachment or garnishment except under a judgment of court for alimony in favor of a wife or ascendant or descendant. Fees of attorneys and physicians for services under this act shall be reasonable and measured according to the workman's station and shall be approved by the court."

All that this section means is that the attorney representing an employé claimant shall not charge an unreasonable fee for his services, and to that end such fee shall be approved by the court. It does not purport to impose such fee, as additional liability, upon the employer.

## Subrogation.

[2] Section 7 of Act No. 20 of 1914 as amended by Act No. 38 of 1918, under which this action is brought, subrogates the employer pro tanto to the rights of action of the employé against third persons who may have caused the injury, and the courts have but to recognize that provision of the statute; but there is nothing in the law which creates any such right in favor of any one else, for instance the surety company which may have insured the employer against liability. We find no other provision of law, and none has been cited which gives such subrogation as is now claimed by the defendant, Southern Surety Company. It is true that plaintiff sued both the employer and the surety company, alleging that the latter had issued a policy to the employer "by which it obligated itself to pay compensation and indemnity to the persons entitled thereto, and all installments of the compensation that may be awarded or agreed upon, and is liable in solido" with the employer, and the defendants (including the surety company) admitted that compensation was due; but the policy was not offered in evidence, or its provisions otherwise proven to show that there was anything therein that, even as between it and the employer, would have the effect of subrogating it to any rights against third persons. Hence, since subrogation can be had only by effect of contract, or in those cases expressly provided by law (R. C. C. 2159), we find nothing to support the claim of subrogation on the part of the surety company.

We do not think that the third paragraph of article 2161 of the Code is applicable. That paragraph or section reads:

"Subrogation takes place of right: * * * "3. For the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it."

The debt for which the surety company in this case was bound was the obligation of the employer to the employé or his dependents arising under the Employers' Liability Law, and which was the exclusive source of plaintiff's rights against the employer. Therefore, if there were any subrogation in favor of the surety, it would be as to that debt alone, as to which the employer only was bound with it, and against which it had obligated itself to indemnify its said principal. The railway and light company was a stranger to those relations between the parties, and the debt or cause of action which arose therefrom. Its liability, if such existed, to plaintiff arose from an entirely different source, i. e., a tort under article 2315 of the Civil Code. Even as to the employer, it was thought necessary by the lawmaker to give a specific right of subrogation in such cases against the tort-feasor, and no such provision has been made for insurance companies. In other words, plaintiff had two debts and two debtors (provided the circumstances were such as to render the railway and light company liable); one growing out of contract against the employer, the other arising in tort. One debtor was the employer, the other was the tort-feasor, and it was for the former that the surety company was bound. See Lowe v. Morgan's L. & T. R. R. & S. S. Co., 150 La. 29, 90 South. 429.

There was nothing to prohibit plaintiff from subrogating the defendant surety company to its claim against the railway and light company by contract (City of Shreveport v. Southwestern Gas & Electric Co., 145 La. 680, 82 South. 785), but there is no law which compels her to do so.

For the reasons assigned, the judgment is amended so as to disallow the claim for subrogation on the part of the Southern Surety Company, and, as thus amended, it is affirmed, at the cost of the appellees.

Rehearing refused by Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.