(97 South. 587)

No. 24852.

## BOUCHON v. NEW ORLEANS RY. & LIGHT CO.

(July 11, 1923. Rehearing Denied Oct. 2, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⬱843(2)—Question as to person having right of action not determined when evidence shows contributory negligence.**

In action for death for which compensation has been recovered under Employers' Liability Act, the question as to whether right of action was in deceased's widow, or in the insurer, need not be determined where plea of contributory negligence is sustained by evidence.

2. **Electricity ⬱18(1)—One killed by falling against wire held negligent.**

Where experienced painter knew electric lights were dangerous and that wire extended across roof on which he was working, and was warned of the danger, and with any care or prudence could have avoided accident, he was guilty of contributory negligence, precluding recovery for death sustained when he fell on the wire.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Mrs. Joseph Bouchon against the New Orleans Railway & Light Company, in which the Southern Surety Company intervened. From a judgment for defendant, plaintiff appeals. Affirmed.

W. Alexander Bahns, of New Orleans, for appellant.

Dart, Kernan & Dart, of New Orleans, for appellee New Orleans Ry. & Light Co.

Bertrand I. Cahn, of New Orleans, for appellee Southern Surety Co.

O'NIELL, C. J. Plaintiff has appealed from a judgment rejecting her demand for damages for the death of her husband, father of her minor child. She sued individually and as tutrix of the child.

Bouchon was electrocuted by touching a wire of the defendant company. He was a journeyman painter, employed by a firm of contractors, styled Steve Lewis & Son, and was arranging a swinging scaffold, preparing to paint the side of a building on Derbigny street, in New Orleans. He was standing on the metal roof of an overhead passageway that connected the second floor of the building with the second floor of a building on the other side of the street. Two other workmen were handling the scaffold, which was an ordinary ladder with a plank on it, and Bouchon was directing their movements. The electric light wire was stretched over or across the roof of the passageway, about four feet above it, and about eight feet from the building. Bouchon was pulling on a rope, backing away from the building, when he turned and, perhaps stumbling, fell upon the wire.

Mrs. Bouchon first sued Steve Lewis & Son and the surety company, in solido, for compensation, under the Employers' Liability Act, the Act 20 of 1914, as amended by Act 38 of 1918, and she got judgment against them. See Bouchon v. Southern Surety Co. et al., 151 La. 503, 91 South. 854. The surety company, answering the suit, asked to be subrogated to a right of action against the New Orleans Railway & Light Company. The civil district court construed section 7 of the statute as granting the right of subrogation to the surety, as well as to the employer, and gave judgment accordingly; but, on appeal, the judgment of subrogation in favor of the surety company was reversed. The decision was by a section or division of this court, and a rehearing was refused by another section or division of the court.

The surety company intervened in this suit for damages, and asked for judgment in favor of the company, and against the New Orleans Railway & Light Company, for the sum of $4,320, which the company had been condemned to pay the widow under the Em-

ployers' Liability 'Act. At the same time, the surety company joined in the plea of the New Orleans Railway & Light Company that the plaintiff had renounced or abandoned any right of action that she might have had against the New Orleans Railway & Light Company for damages, by demanding and accepting compensation under the Employers' Liability Act. The exception of no cause or right of action was referred to the merits, and the case was tried by a jury, who rendered a general verdict for the defendant. In giving judgment, the civil district court reserved whatever right of action the surety company might have against the defendant. The plaintiff alone has appealed from the judgment.

In charging the jury, the judge gave the instruction that, according to sections 7 and 34 of the Act 38 of 1918 (before section 7 was amended by the Act 247 of 1920), the plaintiff had, by electing to sue the employer of her deceased husband, and the surety company, for compensation under the Employers' Liability Act, renounced her right to sue any one for damages for the death of her husband.

Counsel for the defendant insist that the judge's charge was in accord with the language of the statute referred to (before it was amended by the Act 247 of 1920); that the verdict and judgment rejecting the plaintiff's demand should be affirmed on that ground; and that the decision in Bouchon v. Southern Surety Co., 151 La. 503, 91 South. 854, as well as the decision in Lowe v. Mor-

gan's L. & T. R. & S. S. Co., 150 La. 29, 90 South. 429, in so far as they are in conflict with the doctrine stated, should be overruled.

[1] It is not necessary in this case to reconsider the rulings made in the cases cited. We do not know whether the verdict of the jury, rejecting the plaintiff's demand, was based upon the proposition of law stated in the judge's charge, or upon there having been no negligence on the part of the defendant, or upon there having been contributory negligence on the part of Bouchon. All of those defenses were submitted to the jury, and we deem it sufficient to say that one of them, the plea of contributory negligence, if the defendant was guilty of negligence, is sustained by the evidence. If, for that reason, the action for damages cannot prevail, why worry now over the question as to who had the right of action?

[2] Bouchon had had eight years of experience at painting houses. He knew that electric light wires were dangerous. And he knew that the wire was there. A few minutes before the accident, a man in the third story of the building across the street called out to him and warned him of the danger of the wire, and he voiced his indifference with the eloquent answer, "Damn the wire." There is no dispute that, with any care or prudence at all, he could have avoided the accident. No reason could be given for rejecting the doctrine of contributory negligence in this case.

The judgment rejecting appellant's demand is therefore affirmed at her cost.