ALCIDE P. BABIN v. SEWERAGE AND WATER BOARD OF NEW ORLEANS, ET AL., APPELLANTS

(May 25, 1925, Opinion and Decree)

(*Syllabus by the Court.*)

1. Louisiana Digest—Municipalities—Par. 58.
Courts have always exercised a sort of tutelage over municipalities and have shown indulgence towards their attorneys in matters of pleading and practice.

2. Louisiana Digest—Municipalities—Par. 173, 174.
It is the duty of all persons to obey an ordinance of the city and not to reason about it or question its efficacy or necessity.

3.—Louisiana Digest — Corporation — Par. 162.
The duty of obeying ordinances imposes itself upon all corporations, public or private.

4. Louisiana Digest — Corporation — Par. 203, 204.
The Sewerage and Water Board is liable for all offenses committed by its employees and may be sued therefor.

5. Louisiana Digest—Negligence—Par. 1, 3.
The failure to insulate electric wires in the manner required by an ordinance and to maintain them in practical insulation is negligence.

6. Louisiana Digest—Negligence—Par. 20, 21.
To constitute contributory negligence it must be shown that plaintiff voluntarily and unnecessarily exposed himself to a known danger.

7. Louisiana Digest—Negligence—Par. 21.
One who in a moment of forgetfulness receives an injury from a known danger is not thereby debarred of recovery.

8. Louisiana Digest—Damages—Par. 105.
$25,000 allowed for the loss of both arms above the elbow when the plaintiff has already received $5050 from his employer.

(Civil Code, Art. 2315, Editor's note.)

Appeal from Civil District Court, Hon. Sam A. LeBlanc, Judge.

This is a suit for damages for personal injuries due to plaintiff's coming in contact with electric wires.

There was judgment for plaintiff and defendant, Sewerage and Water Board, appealed.

Judgment amended and affirmed.

John R. Perez, John D. Miller, Thomas J. Martin, attorneys for plaintiff and appellee.

Walter L. Gleason, Michel Provosty, attorneys for defendant and appellant.

CLAIBORNE, J. Plaintiff was injured by electric wires belonging to the defendant. Hence this suit.

Plaintiff alleged that he was employed by the Federal Electric Company; that the business of said company consists in selling, leasing, maintaining and repairing electric signs; that the said company owned an electric sign which it had leased to the Broadway Garage, and installed upon its premises on Broad street, near Dumaine, at a height of about twenty feet above the sidewalk; that the Sewerage and Water Board of New Orleans had erected and were operating along Broad street immediately adjacent to the above men-

tioned sign an electric wire of a high voltage furnishing power to the Broad street pumping station of said board; that the said wire would have been inocuous had the same been properly insulated; that by Ordinance No. 13,790 C. S., Section 1, it is provided that: "Electric light and power conductors shall be secured to insulating fastenings and covered with an insulation which is waterproof and not easily abraded; whenever such insulation becomes impaired, it shall be renewed immediately"; that notwithstanding said ordinance and in disregard of its duty to the public, the said Sewerage and Water Board permitted the said wire on Broad street to decay so that the insulation on Broad street became dilapidated and in many places missing; that on November 20, 1922, while plaintiff was repairing the electric sign on the Broadway Garage, he lost his balance and in an instinctive effort to prevent his falling to the sidewalk he accidentally came in contact with said defective wire and thus received the full charge of electricity contained in said wire; that as a result he suffered burns which caused the amputation of both of his arms above the elbow and thus became permanently incapacitated from performing any kind of work; that in the suit of plaintiff vs. Federal Electric Co., Civil District Court, there was judgment in favor of petitioner, under the Employer's Liability Act, for $12.00 per week during 400 weeks, 'or a total of $4800.00, and for $250.00 for medical expenses; that, at the time of the accident plaintiff was twenty-four years of age; that he was earning $20.00 a week; that he had an expectancy of forty years more of life, and a hope of earning an average of $35.00 per week; that the Sewerage and Water Board is indebted to him in the sum of $72,800, less $5675.85 which he will receive from the Federal Electric Company.

The defendant admitted that it was a corporation created by Act 6 of the Extra Session of 1899; admitted that it operated a high tension electric wire on Broad street; admitted the Ordinance No. 13,790, but averred that it was impractical of observance, and that it was not obligatory upon the Sewerage Board and that it was not practical to maintain insulated wires of the voltage required for its work; but denied every other allegation.

It further averred that the only funds under its control are the following: 1st, the avails of the special tax which are dedicated to construction work; 2nd, the water rates, which are dedicated to the maintenance and operation of the sewerage; and 3rd, the funds budgeted by the city of New Orleans for the operation of the drainage. It further averred that the Sewerage and Water Board was only an administrative agent of the city of New Orleans which alone was responsible to the plaintiff.

By a supplemental petition the city of New Orleans was made a party defendant.

In a supplemental answer the Sewerage Board averred that its wires were constructed in accordance with the approved practice throughout the United States and in accordance with the laws in existence at the time of their construction; that said wires are strung in cross-arms on a post erected on the sidewalk; that said post is 10 feet 6 inches from the building line, and the bottom cross-arm is located 24 feet 6 inches above the sidewalk; that since the stringing of said wires the Federal Electric Company has attached to the building the electric sign, which is 4 feet 6 inches high and 9 feet wide, so that the top of it is only 24 inches below the said cross-arm; that the plaintiff was familiar with electricity and was aware of the danger of contact with high tension wires; that any injury the plaintiff suf-

fered was due to his failure to take proper precautions necessary to avoid coming in contact with said wire and that he was guilty of contributory negligence.

The city of New Orleans denied all plaintiff's allegations.

The plaintiff moved to strike out the supplemental answer of the Sewerage Board.

The motion was denied.

There was a verdict and judgment against the Sewerage Board for $50,675.85, subject to a credit of $5675.85 allowed under the Workmen's Compensation Act. A new trial was refused and the defendant, the Sewerage Board, alone appealed.

1st. At the threshold of the trial, plaintiff objected to the introduction of evidence in support of the supplemental answer of the Sewerage Board on the ground that it changed the issue.

Ct. App. No. 2243, bk. 14; 3 Ct. App. 264; 7 Ct. App. p. 296.

The objection was overruled. Although, under Articles 419 and 420 of the C. P., plaintiff's objection might have been justified between ordinary litigants, the courts have always exercised a sort of tutelage over municipalities and have shown indulgence towards their attorneys in matters of pleading and practice. The ruling of the trial judge was correct.

2nd. Upon the trial of the case the defendant put upon the witness stand A. Baldwin Wood, the mechanical engineer of the Sewerage and Water Board, and attempted to elicit from him what had been the practice throughout the United States in erecting high tension wires similar to those on Broad street; did not those on Broad street correspond with those used elsewhere; what was generally understood in the profession of electric wires "covered with an insulation which is waterproof and not easily abraded"; would such insulation afford protection to persons coming in contact with such wires charged with a voltage of 3300 volts; would not a person coming in contact with a wire insulated in that manner suffer the same shock as if the wire had not been insulated at all; was it not the practice to string such wires without any insulation at all; did not the climatic condition of this city render it impossible to maintain high tension electric wires with insulation sufficient to protect persons coming in contact with them; was it possible to lay those wires underground to serve their purpose; had not these wires been maintained in as good a condition as it was possible to maintain them under the condition prevailing in the city?

To all of which questions the plaintiff objected on the ground that they were immaterial and irrelevant for the reason that under the jurisprudence of this state a strict compliance with the Ordinance 13,790 was an essential requisite and admitted of no violation for any reason whatever.

The objections were maintained.

Douglas Anderson, professor of electrical engineering, was placed upon the stand for the same purpose and his testimony was excluded for the same reason.

In the case of Jones vs. N. O. Ry. and Lt. Co., 123 La. 1060, 49 South. 706, the motorman of defendant company failed to observe an ordinance commanding him to come to a full stop under certain conditions. The defendant attempted to exculpate the motorman by arguing that the ordinance under the circumstances was unnecessary and would not have prevented the accident. The court said on p. 1065:

"His (the motorman's) duty was to conform to the ordinance, not to reason about it. He had no discretion in the premises. It is the duty of the court to see that that ordinance which is enacted under the police power for the public

safety should be rigidly enforced in aid of the remedy for the mischief sought to be guarded against."

. It is not a sufficient answer for a defendant to say that the insulation required by an ordinance is unnecessary. The necessity is determined by the ordinance which is intended for the protection of persons who may come in contact with such wires through accident, ignorance or imprudence. Moven vs. New Orleans Ry. & Lt. Co., 125 Lo. 945, 52 South. 106. See, also, City of Shreveport vs. Southwestern Gas & Electric Co., 145 La. 680, 82 South. 785.

We are therefore of the opinion that the ruling of the trial judge was again correct.

3rd. The defense that the ordinance was not obligatory upon the Sewerage Board is equally without weight. The duty of obeying an ordinance of the City Council imposes itself upon all the corporations, public as well as private. The defendant corporation had no more right to violate Ordinance 13,790 than it had to violate any other ordinance. The police power of the city extends over all corporations as well as over all citizens.

4th. We see no merit in the defense that the Sewerage Board is not liable for offenses committed by its offices or employees, and that the city of New Orleans alone is liable for the reasons stated in the answer or because it is only a municipal functionary. The revenues of the city of New Orleans, in taxes and otherwise, are levied and dedicated by law and appropriated by the city in its annual budgets. Its revenues are exempt from seizure and no execution can issue against it, under the law.

Because no appropriations are made by it under the law or by its budget to pay damages for fault of its employees, or because of its immunity from seizure, are no reasons why it should be relieved of responsibility for torts. At least no opinion has so far been rendered to that effect, and we think that is no valid reason. When a judgment shall have been rendered against the Sewerage Board it shall be its duty, we opine, to make provision for its payment, as part of its operating expenses. Davis vs. Belt R. Rd., 155 La. 504, 99 So. 419; Solomon vs. same, May 5, 1924.

5th. Nor do we consider that the Sewerage Board is a mere municipal functionary of the city of New Orleans. It is an independent corporation created by Act No. 6 of the Extra Session of 1899 incorporated as a part of the Constitution by amendment adopted in 1900. An attempt to amend the same by adding eight members was declared unconstitutional. State ex rel. Saunders vs. Kohnke, 109 La. 838, 33 South. 793.

The Act of 1899 creating the Sewerage Board was ratified and approved by Section 23, p. 107, of the Constitution of 1921. In a recent case this court condemned the Sewerage Board in damages for failure to protect an excavation. See case of Shally vs. N. O. Sew. & Water Board, No. 9758. (1 La. App. 770.) And for negligence in piling pipes too close to a street car.

6th. The evidence leaves no doubt of defendant's negligence.

The wire which injured the plaintiff was not insulated in the manner required by the ordinance. That alone was negligence which renders the defendant liable when that negligence was the cause of the injury.

The insulation of the wire such as it was was in bad condition and left parts of the wire exposed. Such was the testimony on behalf of the plaintiff which the defendant did not contradict.

The argument that danger was not probable and could not have been anticipated

is answered in the Schwartz case, 110 La. 546, 34 South. 667, where the court said:

"It makes no difference that the danger which defendant created by the manner of running its cars at this crossing threatened no one in particular, and might have continued long in existence without anyone suffering from it. Suffice that it existed and was susceptible of causing injury, and was the result of negligence. Wharton, Neg. S. 109."

7th. The jurisprudence of Louisiana has been constant that when an ordinance requires a company operating electric wires to insulate them, the failure so to do is negligence which renders the company liable. Clements vs. La. Electric Lt. Co., 44 La. Ann. 692, 11 South. 51, affirmed in Potts vs. Shreveport, 110 La. 1, 34 South. 703; Herbert vs. Lake Charles, 111 La. 522, 35 South. 731; Whitworth vs. Shreveport B. Ry. Co., 112 La. 363, 36 South. 414; Simmons vs. Shreveport B. E. L. & P. Co., 116 La. 1033, 41 South. 248; Elias vs. Mayor etc., New Iberia, 137 La. 691, 69 South. 141.

Potts vs. Shreveport Ry., 110 La. 1, 34 South. 103.

"A company maintaining electrical wires over which a high voltage of electricity is conveyed, rendering them highly dangerous to others, is under the duty of using the necessary care and prudence at places where others may have the right to go either for work or pleasure, to prevent injury. It is the duty of the company under such conditions to keep its wires perfectly insulated and it must exercise the utmost care to maintain them in this condition at such places, Joyce Electrical Law, Sec. 445-517, and a company maintaining such wires must see to it that their lines are safe for those who by their occupation are brought in close proximity to them," quoting Clements vs. La. Electric Light, 44 La. Ann. 692, 11 South. 51, and other authorities.

The same authorities hold that the failure to maintain the insulation in good condition is tantamount to no insulation.

The important question remaining is that of contributory negligence.

The plaintiff was not an electrician.

The Federal Electric Company put up signs illuminated by lamps or globes.

The company employed him to inspect the signs and to replace broken or missing lamps. He explains the accident in the following words:

"I went up on the sign and there was the letter 'G' on the further end of the sign, by the sidewalk edge, and I was fixing to reach 'way down to this 'G' light; it was quite a reach, and by balancing myself I went to reach over and I grabbed at the chain which extends from the wall to the end of the sign, and by failing to grab the chain I made contact with the high volt wire before I reached the chain, and after that I was completely knocked out. * * * I didn't know the condition of the wire before my accident. * * * I didn't know they were high voltage wires."

He saw the wires before the accident but did not know their condition.

Where a person is employed in the presence of a known danger, to constitute contributory negligence it must be shown that he "voluntarily and unnecessarily exposed himself to the danger." Potts vs. Shreveport, 110 La. 1, 34 South. 103; 44 A. 692; City of Shreveport vs. Southwestern Gas & Electric Co., 145 La. 680, 82 South. 785.

"A person whose occupation brings him in proximity to the company's wires has a right to believe that the wires have been insulated." Clements vs. La. Electric Lt. Co., 44 La. Ann. 692, 11 South. 51.

It is evident that the plaintiff did not expose himself unnecessarily and that he did not know that the wire was dangerous, and if so, that it was not insulated.

But even had he known all this, he cannot be debarred from recovery because in a moment of forgetfulness he put his hand on the wire. The primary fault was in defendant. See Shally vs. Sewerage and

Water Board decided by this court, No. 9758. (1 La. App. 770.) .

Nearly all the authorities quoted by the defendant are from other states, which seem to be at variance with our jurisprudence.

In two of the cases from this state quoted by the defendant, Walker vs. Shreveport Gas, Electric Light Co., 120 La. 68, 44 South. 925 and Borell vs. Cumberland Telegraph and Telephone Co., 133 La. 630, 63 South. 247, plaintiff's ·injury resulted from a violation by them of positive instructions. .

In the case of Lapouyade vs. N. O. Ry. & Lt. Co., 138 La. 237, 70 South. 110, the plaintiff was defeated on the ground that he was a trespasser. See p. 240; also 91 Atl. 149-111, S. W. 712.

But in that case the court said on p. 242:

"A different rule would have had to be applied in this case if the trespass had been so very slight as to have been purely technical; such a one as anybody might be guilty of inadvertently, or even intentionally, on the assumption that no harm could possibly result."

In the case of Bouchon vs. N.· O. Ry. & Lt. Co., 154 La. 397, 97 South. 587, the plaintiff was adjudged guilty of contributory negligence on the ground that he knew of the presence of the wire, and of its danger, and a few minutes before the accident had been warned of the danger of the wire. 84 Pac. 393.

But we think that the amount of the verdict and judgment is unprecedented and excessive. We are informed by defendant's brief that the verdict in this case was by a jury of nine, from which two of the members dissented on the question of amount, and one voting against the judgment entirely."

We realize fully the sufferings, the injury and the helpless condition of the plaintiff. But considering that he has already received against the Federal Electric Company, his employer, a judgment for $5050 under the Employer's Liability Act, we are of the opinion that a judgment for twenty-five thousand dollars will be sufficient.

It is therefore ordered that the judgment herein for forty-five thousand dollars be reduced to twenty-five thousand ,dollars with five per cent per annum interest from September 26, 1925, till paid, the plaintiff to pay the costs of appeal and the defendant to pay the costs of the District Court.