GLOBE INDEMNITY CO. v. TOYE BROS.
AUTO & TAXICAB CO., INC.

----

(June 16, 1930. Opinion and Decree.)
(July 23, 1930. Rehearing Refused.)

----

Milling, Godchaux, Saal & Milling of New Orleans, attorneys for plaintiff, appellee.

John P. Sullivan, David Sessler, Ben Washastrom, of counsel, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. This is a suit by an insurance company to recover damages from a third person for the amount it paid as compensation to an injured employee who sustained injuries as the result of the negligence of the third person.

The defenses are as follows:

First, that the petition does not disclose a cause or right of action.

Second, that there is a nonjoinder of parties plaintiff, or defendant.

Third, that the plaintiff has failed to prove its case.

Fourth, that the defendant was not negligent in the operation of its cab, and that La Barbera, the injured employee, was guilty of contributory negligence which was the proximate cause of the accident.

There was judgment in favor of the plaintiff as prayed for, i. e., nine weeks' compensation at $19.50 a week paid to the injured employee and $94.10 for medical bills or a total of $269.60. Defendant has appealed.

The record shows that Anthony La Barbera was employed by S. P. Daroca, who operates a garage business in the city of New Orleans; that on January 18, 1925, at 1:30 o'clock a. m., Daroca sent La Barbera to tow in a wrecked automobile on Frenchmen street near the intersection of North Tonti street. La Barbera drove to the scene of the accident in the truck, or wrecker, and parked it in front of the disabled automobile and then stepped between the two cars for the purpose of hooking the chains to the wrecked automobile in order to tow it in. There was an electric light with a reflector attached to the top of the crane which was used to hoist up wrecked automobiles in order that they might be towed in. This light was focused on the wrecked automobile and there was also another light on the side of the machine. While La Barbera was in this position between the automobiles, which were facing towards the lake on Frenchmen street, a Yellow cab driven by one of the defendant's chauffeurs, proceeding out Frenchmen street in the direction of the lake, struck the rear of the wrecked automobile, forcing it forward and jamming La Barbera between the wrecked automobile and the truck. La Barbera was rendered unconscious, sustained a broken leg, broken arm, and three fractured ribs, which disabled him for a period of nine weeks. He was immediately taken to the hospital in the taxicab. The cab, after striking the wrecked automobile, ran some 150 feet to the corner, where it stopped. Daroca was insured against such loss with the plaintiff insurance company, which paid La Barbera nine weeks' compensation at $19.50 per week, being 65 per cent of his wages, and also paid medical bills amounting to $94.10, or a total of $269.60.

The compensation insurance policy contained the following provision:

"The Company shall be subrogated in case of any payment under its policy to the extent of such payment to all rights of recovery therefor vested by law either in

this employer or in any employee, or his dependents claiming hereunder against persons, corporations, associations or societies."

Daroca also made a conventional assignment and subrogation to the plaintiff of any claims or rights or causes of actions against the defendant as a result of the injuries sustained by La Barbera in the accident, and particularly any rights or causes of actions in favor of the employer, Daroca, under Act No. 20 of 1914.

In support of the exception of no right or cause of action, counsel for the defendant contends:

(a) That an insurance company that issues a policy covering liability under the compensation law has no direct right of action against a third person, under article 2315, Rev. Civ. Code, to recover damages to the amount of compensation paid to an injured employee who was hurt through the negligence of a third person.

(b) That an insurer has no right of legal subrogation, under the Compensation Law or Employers' Liability Act, at the time of the accrual of the alleged cause of action in January, 1925, or under articles 2159-2161, Rev. Civ. Code, to the employer's right to collect damages for the compensation paid to the employee on account of personal injuries negligently inflicted by a third person upon the employee.

(c) That at the time of the accident an insurer was barred from the right of conventional subrogation to the rights of the employer to collect damages for compensation paid from third persons who negligently inflicted injury on the employee, because paragraph 1 of section 22 of Act No. 20 of 1914 expressly provides that such claims, or payments, shall not be assigned.

(d) That the conventional assignment was without serious or adequate consideration because it was made for "the sum of $10.00 and other consideration."

We shall discuss all these points in their order.

We find it unnecessary to decide the first two issues raised by counsel in support of the exception of no cause of action, i. e., plaintiff has no direct right or cause of action and no legal right of subrogation, because we are of the opinion that the conventional subrogation by the employer in favor of the insurance company is valid. In the case of Carroll & Co. v. N. O., Jackson & Great Northern R. R. Co. et al., 26 La. Ann. 447, the Supreme Court clearly indicated that if the insurance company, which paid a loss resulting from the destruction of cotton by fire while in the possession of the carrier, had been assigned the rights of the assured and shipper, the court would have recognized the conventional subrogation and enforced it against the carrier.

In the case of Bouchon v. Southern Surety Co. et al., 151 La. 503, 91 So. 854, the Supreme Court held that there was nothing to prohibit an injured employee from conventionally subrogating an insurance company to his claim against a third person whose negligence injured the employee and caused the insurance company to pay compensation under Act No. 20 of 1914. While the court held that the insurance company, under such circumstances, was not subrogated by mere operation of law to the rights of the injured employee to proceed against a third person whose negligence caused injury to the employee, the court clearly indicated that if there had been a conventional subrogation it would have been recognized and enforced. To further show that it is not against public policy

that the insurance company be subrogated to the same rights that the employer has against third persons causing injury to an employee through their negligence, the Legislature passed Act No. 85 of 1926, and paragraph 2 of section 23 of that act reads as follows:

"The insurer is hereby subrogated to all the rights and actions which the employer is entitled to under this act."

We therefore hold that the conventional subrogation was legal and binding and it will be enforced unless it can be said that the provisions of Act No. 20 of 1914, the Compensation Law, expressly prohibit it, or unless the conventional assignment was without serious or adequate consideration.

We shall now consider the other two points raised under the exception of no cause of action.

(c) In support of the contention that the compensation act expressly prohibits the assignment of claims of payments made under its provisions, counsel for the defendant refers us to paragraph 1 of section 22 of Act No. 20 of 1914, which reads as follows:

"Be it further enacted, etc., That claims or payments due under this act shall not be assignable and shall be exempt from all claims of creditors and from levy or execution or attachment or garnishment except under a judgment of court for alimony in favor of a wife or ascendant or descendant. Fees of attorneys and physicians for services under this act shall be reasonable and measured according to the workman's station and shall be approved by the Court."

We do not find that this is pertinent because it refers to claims or payments due the employee under the act. It is obvious that the provision was placed in the act for the protection of the employee. The present assignment was made by the employer to the insurance company under the terms and provisions of the policy, which expressly provided that the insurance company would be subrogated to all the rights of recovery vested in the employer. It is also to be noted that the claim against the third person did not arise under Act No. 20 of 1914, but under article 2315, Rev. Civ. Code.

Paragraph 2 of section 7 of Act No. 247 of 1920 reads as follows:

"Any employer having paid or having become obligated to pay compensation under the provisions of this Act may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent; provided, that if either such employee or his dependent, or such employer, shall bring suit against such third person, he shall forthwith notify the other in writing of such fact and of the name of the Court in which such suit is filed, and such other may intervene as party plaintiff in such suit."

As, under the above-quoted provision, the employer had the right of action which he assigned to the insurance company, and as we do not find anything in the Compensation Law or public policy prohibiting such a conventional assignment, this defense must fall.

(d) The next contention of defendant is that "$1.00 and other consideration" is not a serious and adequate consideration and cannot support the contract of assignment. We do not believe that this point is well taken, because the insurance policy itself, which was supported by an adequate consideration, i. e., the premium paid by the assured and the assumption of liability by the assurer, contains a provision that the insurance company shall be subrogated to all the rights of recovery vested by law in the employer upon the payment

of compensation under its policy. Assuming liability under its policy and paying the compensation when it became due would be the other consideration referred to in the conventional assignment, and certainly this would be a serious and adequate consideration sufficient to support a valid contract of assignment.

As to the second defense interposed by counsel for defendant, that there is a nonjoinder of parties plaintiff or defendant because Daroca, the employer, and La Barbera, the employee, were not made either parties plaintiff or parties defendant, we do not believe it to be sound because La Barbera's only interest in a matter of this kind would be any amount that was recovered over and above the compensation paid and medical expenses. Since he compromised that right for $750, he would not have any interest in the amount that would be paid to the insurance company for compensation and for medical bills paid by it. Furthermore, paragraph 2 of Section 7 of Act No. 247 of 1920 leaves it optional with the employee to join as party plaintiff. Daroca would not be a necessary party, because he unconditionally assigned his claim to the insurance company, and, under the circumstances, was without further interest in the matter.

We now come to the consideration of the third defense to the effect that plaintiff failed to prove his case. The first contention thereunder is that paragraph 2 of section 7 of Act No. 247 of 1920 requires the employer to notify the employee in writing of the fact that he shall bring suit against the third person causing the injury to the employee, and that the plaintiff failed to prove such notice.

The correspondence in the record in which the representative of the plaintiff effected a compromise settlement of La Bar-

bera's right of action for the sum of $750, reserving the plaintiff's right to enter suit for compensation and for medical bills paid, convinces us that the employee, La Barbera, had sufficient actual notice of the filing of the suit by the plaintiff and authorized it.

The next point defendant makes, that plaintiff failed to prove its case, is that plaintiff failed to prove wages, previous physical condition, extent of injuries, and duration of disability of La Barbera as a result of his injuries. The right of action of La Barbera for any damages over and above the compensation and medical expenses which the employer had a right to sue for under the provisions of paragraph 2 of section 7 of Act No. 247 of 1920, amending the Compensation Act, were compromised for the sum of $750. The evidence in the record clearly establishes that $19.50 per week for nine weeks was paid to La Barbera as compensation during the period of his disability and that $94.10 was paid for medical expenses in treating him for these injuries. The defendant has not offered any evidence to contradict plaintiff's evidence to this effect, and, as plaintiff has not claimed damages for any other items, we are of opinion that the amounts sought to be recovered have been adequately proven.

As to the fourth defense, that defendant was not negligent in the operation of its cab and that La Barbera, the injured employee, was guilty of contributory negligence which was the proximate cause of the accident, the testimony of the witnesses for the plaintiff convinces us that the de-

fendant's chauffeur was guilty of negligence in operating the taxicab at an excessive rate of speed on a dark and rainy night, and that he was not keeping a proper lookout. But, says counsel for the defendant, the injured employee was contributorily negligent in standing between the two automobiles without having the rear light on the wrecked automobile burning. The evidence establishes that the light on the crane, some six or seven feet above the ground, was focused directly upon the wrecked automobile, and could have been seen at a sufficient distance for a prudent operator of an automobile to have stopped. In addition to the light on the crane, there was also a light on the side of the automobile. We find that the wrecked car and the truck, or wrecker, were both properly illuminated, so that they could be seen at a sufficient distance to have been avoided by the driver of the taxicab, and therefore the injured employee was free from fault.

Counsel for the defendant further contends that the $750 paid to La Barbera, the employee of Daroca, was in full and final settlement of all claims and demands whatever growing out of his personal injuries, loss, or damage sustained on January 17, 1925; but the correspondence between the insurance company and the defendant clearly shows that the settlement was for $750 cash for La Barbera, reserving to the plaintiff its right to claim the $269 for compensation and bills for medical services.

For the reasons assigned the judgment is affirmed.