229 So.2d 761 (1969)
Katie N. BORDELON, Provisional Curatrix for and on Behalf of Joseph C. Bordelon, et al., Plaintiffs and Appellees,
v.
CONTINENTAL CASUALTY COMPANY et al., Defendants and Appellants.
No. 2923.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1969.
Rehearing Denied January 7, 1970.
Writ Refused February 27, 1970.
Lewis & Lewis, by Seth Lewis, Jr., Opelousas, for defendants-appellants.
Robert F. DeJean, Opelousas, for plaintiffs-appellees.
Before FRUGE, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a wrongful death action. Joseph C. Bordelon was threshing a pecan tree with a long metal rod. It came in contact *762 with a 13,200 volt uninsulated electric line of the defendant, Central Louisiana Electric Company. Bordelon's death, about a year later, was allegedly caused by the accident. His wife and two major children seek damages. From an adverse judgment, defendants appeal.
The primary issue is whether the electric company was negligent for its failure to insulate the line or give a warning of its presence.
The decedent, Joseph C. Bordelon, was a semi-retired man, 66 years of age. He was physically active and occasionally threshed pecan trees in his neighborhood, which was a rural area near Washington, Louisiana. On October 15, 1963, he was found beneath a pecan tree next to a gravel road on land which he leased. He was cold and clammy, bleeding from the mouth and nose, had a weak, fast pulse and appeared to be in shock. He did not have his shoes on and the bottom of his socks were burned. His truck was backed up to a pecan tree and a ladder was standing up in the back of his truck resting against the pecan tree. Nearby was a 21 foot metal rod, 3/8 inches in diameter, which had marks indicating that it had come into contact with an electric line. Immediately overhead paralleling the roadside and running beneath the pecan tree, were 4 lines. Two of these lines were uninsulated high voltage lines, 21 feet above the ground, carrying approximately 13,200 volts. Below the high voltage lines were a neutral ground line, 18 feet above the ground, and an insulated 120 volt line, 16½ feet above the ground.
The operator of high voltage electric lines is required to use the utmost care to reduce hazards to life as far as practicable, Calton v. Louisiana Power & Light Company, La.App., 56 So.2d 862 (2d Cir. 1952), amended and affirmed 222 La. 1063, 64 So.2d 432; Stansbury v. Mayor and Councilmen of Morgan City, 228 La. 880, 84 So.2d 445 (1955); Allien v. Louisiana Power & Light Company, La.App., 202 So.2d 704 (3d Cir. 1967), writ of certiorari refused. In places where it should be reasonably anticipated that persons may come in contact with electric lines, the operator is required to insulate them or take other proper precautions, Stansbury v. Mayor and Councilmen of Morgan City, supra, and the cases cited therein; Thomas v. Gulf States Utilities Company, La.App., 128 So. 2d 323 (1st Cir. 1961). However, the power company is not required to guard against hazards which cannot be reasonably anticipated, Allien v. Louisiana Power & Light Company, supra; Boone v. New Orleans Public Service, Inc., 109 So.2d 880 (Orl.App. 1959); Webb v. Louisiana Power & Light Company, La.App., 199 So. 451 (2d Cir. 1940); Calton v. Louisiana Power & Light Company, supra.
The evidence shows that the pecan tree at issue here was not in a planted orchard. It was in a grove of native trees near the highway. From pictures in the record, the tree appears to be about 35 feet high. On the side next to the road, all of the limbs have been cut beneath the electric line, which is at least 21 feet above the ground. There is one large limb which appears to be 3 or 4 feet above the line. On the other side of the tree, there are several limbs lower down. The evidence shows that all of the requirements of the National Electrical Code, such as the height of the line and the clearance of limbs, have been complied with.
Applying the rules of law set forth above, it is our conclusion the defendant electric company was not required to anticipate the type of hazard involved here. The uninsulated line was clearly visible to anyone threshing pecans from this tree. It could not be reasonably anticipated that a pecan thresher would fail to see the line and would use a metal rod, 21 feet in length, from a position that would allow the rod to come in contact with the uninsulated wire. To hold otherwise would require that electric companies insulate all of their high voltage lines through rural areas, even in places where it cannot be reasonably anticipated *763 there will be a hazard to life. We find the defendant power company free of negligence.
Additionally, we think plaintiff was guilty of contributory negligence. As stated above, the accident occurred near plaintiff's home on land which he leased and with which he had been intimately familiar for many years. This particular electric line serviced plaintiff's home. He had previously threshed pecans in this grove and had actually threshed this particular tree. Certainly, he knew the line was there and knew, or should have known, the danger of using a long metal rod to thresh pecans from the trees beneath which the line ran.
Although plaintiff was 66 years of age, he still possessed all of his senses and was physically active and alert. This case falls within those holding that a normal person, with knowledge of high voltage uninsulated electric wires overhead, is contributorily negligent in raising metal objects into contact therewith, Thomas v. Gulf States Utilities Company, La.App., 128 So.2d 323 (1st Cir. 1961); Bouchon v. New Orleans Railway & Light Company, 154 La. 397, 97 So. 587.
For the reasons assigned, the judgment appealed is reversed and set aside. Plaintiffs' suit is dismissed at their costs. All costs of this appeal are assessed against the plaintiffs.
Reversed and rendered.
FRUGE, Judge (dissenting).
The trial court judgment is correct.

On Application for Rehearing.
En Banc. Rehearing denied.
FRUGE and TATE, JJ., are of the opinion that a rehearing should be granted.