FRUGÉ, Judge.
This tort case arises from an electrical shock which the plaintiff, Terry Hebert, received while in the course and scope of his employment with Oren Amy Metal Buildings, Inc. Metal Buildings, Inc. was constructing a building for Coca Cola Bottling Company in Lafayette when the accident occurred. Hebert’s compensation claim culminated in Hebert v. Sentry Insurance Company et al., 224 So.2d 842 (La.App. 3rd Cir., 1969); writs denied 254 La. 837, 227 So.2d 588 (1969). In this action he is attempting to recover in tort from the Coca Cola Bottling Company and from the City of Lafayette which owned the utility lines that caused his injury. After the case was submitted on depositions and stipulations, the trial court dismissed with prejudice the claims of plaintiff Plebert and intervenor Sentry Insurance Company. On this appeal, plaintiff contends that both defendants had a duty to warn him of the dangerous wires and to see that the wires were insulated. We affirm without determining the issue of defendants’ negligence. Mr. Hebert was con-tributorily negligent.
The testimony of Oren Amy and plaintiff’s three co-employees shows that plaintiff had been aware of the lines during the preceding week. Mr. Amy had warned them about the lines prior to the day of the accident. Hebert’s co-employees testified that the crew had worked around high tension lines before and that even had Hebert not been warned, he was aware of the danger involved and knew to be careful when working near high tension lines.
Approximately one hour before Hebert’s accident, Mr. Amy, while inspecting the job site, had specifically warned Hebert and Martin Andrews about the wires above them. I. B. Andrews, who delivered the last section of gable angle to Hebert and Martin Andrews, instructed them to watch out for the wires.
Hebert climbed to a beam approximately 22 feet above the ground to which the gable angle was to be attached. Martin Andrews then handed the gable angle to Hebert and instructed him not to attempt to lift the angle until Andrews could climb to the beam and help him. Although this was not the ordinary procedure for lifting this size metal rod, Andrews had decided that this was the safest procedure for lifting the angle near the transmission lines. Two persons lifting the gable angle could prevent it from coming into contact with the transmission line. Instead, Hebert began lifting the gable angle perpendicular to the ground before Andrews had reached him. The gable angle touched the wires which were approximately eight feet above the beam he was sitting on, and the electrical shock knocked him to the ground. Andrews testified that if Hebert had followed his instructions, the accident would not have happened. In his findings of fact, the trial judge stated:
“The court is of the opinion that the sole and proximate cause of the accident in question was the negligence and carelessness of the plaintiff, Terry Hebert, in attempting to handle this lengthy metal beam alone, and in not paying attention to the fact that he was working in close proximity to a high-power electrical transmission line, especially in view of the fact that some ten (10) or fifteen
*739 (15) minutes prior to the accident, he had been cautioned and all employees had been cautioned by their employer as to the existence of this line, and the dangers it presented to the employees should [the] metal beam come in the contact with one of these high-power transmission lines.”
We find no manifest error in the trial court’s finding. Hebert’s raising the metal gable angle into contact with known uninsulated high voltage wires constituted contributory negligence. Bouchon v. New Orleans Ry. and Light Company, 154 La. 397, 97 So. 587 (1923); Bordelon v. Continental Casualty Company, 229 So.2d 761 (La. App. 3rd Cir., 1969); writs refused 255 La. 483, 231 So.2d 396 (1969); Thomas v. Gulf States Utilities Company, 128 So.2d 323 (La.App. 1st Cir., 1961).
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant, Terry Hebert.
Affirmed.