349 So.2d 377 (1977)
Edna Green, Widow of Willis BOLDEN, Individually and on behalf of her minor son, John David Galway
v.
NEW ORLEANS PUBLIC SERVICE, INC., et al.
No. 8277.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1977.
Rehearing Denied September 9, 1977.
Writ Refused November 4, 1977.
*378 Carl O. Brown, Jr., New Orleans, for plaintiffs-appellants.
C. B. Ogden, II, New Orleans, for defendant-appellee.
Before REDMANN, STOULIG and MORIAL, JJ.
MORIAL, Judge.
Joseph David Galway appeals from a judgment denying him recovery of damages for personal injuries sustained on March 6, 1972 when an aluminum TV antenna he was holding came in contact with an energized power line owned and operated by defendant, New Orleans Public Service, Inc. (NOPSI). The case was tried before a jury which reached a verdict in favor of defendant and dismissed plaintiff's suit. We affirm.
Plaintiff was eighteen years old at the time of the accident. He was attempting to erect a TV antenna on the side of the trailer in which he and his mother had been living for about two and a half weeks. The trailer was located in the Bayou View Trailer Park alongside Highway 11 in the eastern section of New Orleans. The NOPSI power lines ran along the highway about thirty-five feet above the ground. Plaintiff sought the help of Harry Jenkins, who lived across the highway, in raising the antenna. Jenkins agreed to come over to the trailer shortly. There is a conflict in the evidence as to what then occurred. Plaintiff testified that Jenkins took hold of the bottom of the rod while he walked it up to a vertical position. Plaintiff stated that he then saw a flash, heard a crackling noise, felt a shock and was knocked to the ground.
Plaintiff denied that Jenkins had given him any warning with respect to the danger of the wires and stated that he believed them to be telephone lines.
Jenkins testified that when he arrived at the trailer he noted that plaintiff had raised the antenna up into the area of the wires and warned him that he would be electrocuted if the rod hit the wires. Jenkins stated that plaintiff told him that would *379 not happen because the antenna was grounded. Jenkins explained that he touched the rod with the intention of taking it down to a safe area. He then sustained a shock and was thrown back into the shells along the road. He was dazed but uninjured. He saw plaintiff had been knocked into a garbage can and that his shirt was on fire. Plaintiff sustained serious burns on both of his arms resulting in the amputation of his left hand and lower arm and the partial paralysis of his right hand.
Plaintiff argues on appeal that the trial judge incorrectly instructed the jury on the applicable law. Plaintiff also argues that the trial court erred in denying him a new trial because the jury was improperly influenced by the press and because the verdict was contrary to the law and evidence.
We must first reject plaintiff's contention that the jury was improperly influenced. The press release involving the raising of utility rates could have had an equally adverse effect on either party.
We also find that the jury was properly instructed on the issue of contributory negligence. We do not think it is necessary to pass on the remaining arguments of plaintiff because we find that the record establishes that plaintiff was contributorily negligent rendering the issue of defendant's negligence moot.
It has been well established in the jurisprudence of this state that a person who knowingly allows a metal object to come into contact with an uninsulated energized wire is deemed to be contributorily negligent. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976); Bouchon v. New Orleans Ry. & Light Co., 154 La. 397, 97 So. 587 (1923); Hebert v. Coca Cola Bottling Company, 272 So.2d 737 (La.App. 3 Cir. 1973); Bordelon v. Continental Casualty Company, 229 So.2d 761 (La.App. 3 Cir. 1969); Thomas v. Gulf States Utilities Co., 128 So.2d 323 (La.App. 1 Cir. 1961). Since we do not have the benefit of the specific findings of the jury we must presume that they resolved all factual conflicts in favor of the defendant. Hanover Fire Insurance Company v. Sides, 320 F.2d 437 (5 Cir. 1963). Accordingly, we must accept Mr. Jenkins' version of the incident as accurate and conclude that plaintiff was aware of the presence of the overhead electrical wires and, nevertheless, assumed the risk of raising the aluminum antenna to a height which brought it in touch with the wires.
For the foregoing reasons the judgment of the district court is affirmed.
AFFIRMED.