<div style="margin-left: left">VOORHIES<br>v.<br>FOURNET.</div>

DUFFEL, J. The defendant, *Valsin Fournet*, having been duly elected as one of the police jury members of the parish of St. Martin, the plaintiff, who was defeated at said election, nevertheless claims the seat of the defendant, on the sole ground that the defendant is now, and was on the day of the election, Clerk of the District Court of the said parish, and we are referred to Article 122 of the Constitution.

The District Judge nonsuited the plaintiff.

As we are satisfied that a police juryman is not an officer, in the intendment of the Constitution, we will not examine the different pleas and exceptions presented by the parties, but we will simply affirm the judgment of the court *a qua*. *Dorsey* v. *Vaughan*, 5 An. 155; *State* v. *Blanchard et al.*, 6 An. 515.

Judgment affirmed.

---

### B. A. MARTEL, Tutor, *v.* FRANÇOIS RICHARD et als.

*The tutor represents the minor so completely, that when he has once brought a suit for him, or answered an action against him, no further petition or answer can be required on the part of the minor; and a judgment rendered in the name of his tutor, so long as his tutorship lasts, is a judgment for or against the minor himself.*

*A suit properly brought by the tutor for a minor, may be prosecuted by the minor after attaining majority, without any new citation, or formal change in the pleadings.*

APPEAL from the District Court of the Parish of St. Landry, *Simon*, J. *Swayze & Moore*, for plaintiff and appellant. *Dupré & Garland*, for defendant.

MERRICK, C. J. " This is a suit instituted by the plaintiff, tutor of *Julien & Lewis Grabot*, against *François Richard*, administrator of the succession of *Lange Grabot*, deceased, for the purpose of annulling a sale of land, provoked by the defendant in his capacity as administrator of the deceased, to dismiss the administrator from office for his neglect and mal-administration, and to recover the sum of five hundred dollars from his official surety, as damages sustained by the minors in consequence of the mal-administration of the defendant; an injunction was also prayed for and granted to arrest the sale of property advertised to be sold at the instance of the defendant, and also to arrest all further proceedings by the administrator until the further order of the court."

" Defendant filed an answer to the merits on the 23d of May, 1856. On the 28th September, 1859, by amendment, he filed two peremptory exceptions, alleging that the minors had arrived at the age of majority, and that the tutor was *functus officio*, and could not prosecute this suit."

The District Court being of the opinion, that the proof showed that the heirs had attained the age of majority, maintained the exception and dismissed the suit.

Plaintiff appeals.

The proof, or admission, does not clearly establish, as we think, the inference that the heirs have all attained the age of majority.

The tutor represents the minors so completely, that when he has once brought a suit for them, or answered an action against them, no further petition or answer can be required on their behalf. The judgment rendered in the name of the

tutor, for or against the minors, so long as his office continues, is a judgment for or against the minors themselves, subject, however, to the rules relative to actions of nullity and appeal. C. P. 109 ; 15 An. 88, 3 An. 292, 7 An. 368, 11 R. 504.

If this suit was properly brought for the minors, when commenced by the tutor, (we repeat) it is *their* suit, as much so, as if it were commenced in their individual names as majors, and as a consequence, they may prosecute the same when they attain the age of majority, without any new citation or formal changes in the pleadings. They should take care, however, that judgment, in an action of this kind should be rendered in favor of those heirs who have attained the age of majority, as well as the tutor of those who are still minors.

The District Court not having passed upon the merits, but having dismissed the case upon an exception, the same must be remanded.

It is, therefore, ordered, adjudged and decreed, by the court, that the judgment of the lower court be avoided and reversed, and that said exception be overruled, and that this case be remanded for a trial upon the merits, the defendant paying the costs of the appeal.