JANVIER, Judge.
This suit results from the death of Ernest W. Patrick who died from injuries sustained when he fell from a wharf on the river front, in Westwego on the west bank of the Mississippi River, on February 21, 1944. He was survived by his widow, Mrs. Hilda Lee Patrick and six (6) children. Another child, Richard Ernest Patrick, died before the death of the father. Of the six surviving children two, Hilda Patrick Benedetto -and Thelma Patrick Davis, both of whom had married, had both attained majority before their father died. The four remaining children were: Miri- . am Patrick who, at the time of her father’s death, was 18 years and 3 months old; Ruby Patrick whose age was 16 years and 4 months; Ernest W. Patrick, Jr., whose age was 14 years and 6 months, and Etta Joyce Patrick, whose age was 11 years and -10 months.
The suit was filed by Mrs. Patrick on February 8, 1945, on her own behalf and on behalf of her four minor children. While the matter was pending in the Civil District Court for the Parish of Orleans, two of the children, Miriam Patrick Vega and Ruby Patrick Hogan, both of whom had married, attained majority. Thereafter judgment was rendered in favor of the widow, Mrs. Hilda Lee Patrick, on her own behalf and also as tutrix of each of the four children, two of whom, Miriam Patrick Vega and Ruby Patrick Hogan, as we have said, had attained majority before that judgment was rendered.
The defendants appealed to1 this Court and Mrs. Patrick, on her own behalf and “as tutrix of her minor children” (all four) answered the appeal and prayed that the amounts awarded be increased.
While the matter was 'peH(iing in this Court/'Ernest W. Patrick, Jr., attained majority and, on December 19, 1951, three of the children who had been minors when the suit- was filed, Mrs. Miriam Patrick Vega, Mrs. Ruby Patrick Hogan and Ernest W. Patrick, Jr., appeared by motion and obtained fro-m this Court an ex parte order substituting them as parties plaintiff-appellee in their own names.
On January 7, 1952, we rendered a decree in which we affirmed the' judgment insofar as it ran in favor of the plaintiffs, but we increased the amounts of the respective awards, and we also amended the judgment *354 so as to run in favor of the three children who had attained majority since the filing1 of the suit. In other words, the decree which we rendered ran in. favor of Mrs. Patrick on her own behalf and as tutrix of the sole remaining minor, Etta Joyce Patrick, and also in favor of Mrs. Miriam Patrick Vega, Mrs. Ruby Patrick Hogan, both of whom had attained majority before the judgment below was rendered, and in favor of Ernest W. Patrick, Jr., who had come of age while the matter was pending on appeal in this Court. See Patrick v. T. Smith & Sons, Inc., La.App., 56 So.2d 190.
. In an application for rehearing, appellant, among other things, complained that we should not have rendered a decree in favor of the two children who had attained majority while the matter was.pending in the District Court and before the judgment in that court had been rendered, it being contended that as to those two children the judgment rendered below was an absolute nullity, since it was rendered insofar as they were concerned in favor of their tutrix although they had both attained majority.
No complaint is made in this regard as to the decree insofar as it runs in favor of Ernest W. Patrick, Jr., who came of age after the rendition of the judgment below and while the case was pending in this Court.
We granted a rehearing which was “limited to the question of whether the matter should be remanded for the making of parties in the District Court.”
Counsel for appellants interpreted our above quoted language as meaning that we feel that we had no authority to allow the making of parties in this Court and that, on this rehearing, we meant to consider only whether we should reverse the judgment and dismiss the suit insofar as Mrs. Vega and Mrs. Hogan are concerned, or should remand the matter to the Civil District Court in order that they might, in that court, make themselves parties.
We did not intend to indicate that we ■felt that we could not allow them to be made parties here. Counsel had SO' vigorously attacked our decree in that regard that we thought it best to afford them an opportunity to discuss the question at length, and we therefore intended to leave open the question of whether the two persons named had been properly made parties in this Court, whether they should be permitted to malee themselves parties in the District Court, or whether the judgment, insofar as it ran in their favor, was a nullity.
In their contention that the judgment in favor of Mrs. Vega and Mrs. Hogan is a nullity, counsel for appellants confidently rely on certain language used by the Supreme Court in Martel v. Richard, 15 La.Ann. 598, as follows:
“If this suit was properly brought for the minors, when commenced by the tutor, (we repeat) it is their suit, as much so as if it were commenced in their individual names as majors, and, as a consequence, they may prosecute the same when they attain the age of majority without any new citation or formal changes in the pleadings. They should take care, however, that judgment, in an action of this kind should be rendered in favor of those heirs who have attained the age' of majority, as well as the tutor of those who are still minors.”
Counsel interpret this language as meaning that, if the care which is referred to has not been taken and the judgment has not been rendered in favor of those who have reached majority, the judgment in their favor through their tutor is a nullity.
Counsel for Mrs. Vega and Mrs. Hogan are equally confident that this case supports their contention that, when a litigation has been commenced on behalf of minors by their tutor or tutrix, it may be prosecuted to ultimate conclusion after they have attained majority “without any new citation or formal changes in the pleadings,” and that all that the opposing litigant is entitled to is that the persons, who have come of age, have made themselves parties before final payment under the judgment is made so that the payrrient to them will preclude them or anyone else in their behalf from again presenting the same claim.
*355 Counsel for these two ladies insist that the caveat that care should be taken to see that judgment is rendered in favor of those heirs who have attained majority is merely an instruction and in no way indicates that nullity may result. They point to the decision of the Supreme Court in Lewis v. Pepin, 33 La.Ann. 1417, and they say that in that decision the Supreme Court clarified the language used in the Martel case. This is unquestionably true.
In the Lewis case suit was brought against Mrs. Pepin as tutrix for minor children, and judgment was rendered against her as tutrix. On appeal by her as tutrix, motion was made to dismiss the appeal on the ground that “the heirs * * are of age and they have not appealed.” The Supreme Court said that there was not sufficient evidence to show that the heirs were of age, 'but added that this fact, had it ¡been sufficiently proven, would not have warranted a dismissal of the appeal. Then the Court went further, and on application for rehearing indicated that, though the evidence was sufficient to establish the majority of the children, the appeal should not be dismissed, calling attention to the fact that in the Martel case the Supreme Court had said that a tutor representing minors in litigation does so
“so completely, that when he has once brought a suit for them, or answered an action against them, no further petition or action can be required on their behalf.”
The Court said that, in the Martel case, the Court, meant that a suit properly brought by the tutor may be prosecuted by the ward, after attaining majority, without the necessity of additional pleading or citation, but that no valid judgment could be rendered “against” such a ward as a defendant unless the ward had been cited or notified.
We think that a case which cannot be distinguished from the case at bar is Turner v. Standard Oil Company of Louisiana, 1 La.App. 665. There suit in compensation was brought on behalf of an unemancipa-ted minor, Samibo Turner. Judgment was rendered in favor of the minor through his tutor and the defendant appealed. Thereafter the minor, who was 18 years of age, married and “was emancipated for all purposes.” The judgment was affirmed by the Court of Appeal for the Second Circuit. A rehearing was refused and the Supreme Court refused to1 grant a writ of certiorari. At this stage in the proceedings the defendant, “the minor”, who had become fully emancipated, filed in the Court of Appeal a motion “setting up the fact that he had married in May, 1924, and that he had reached the age of 18 years in August, following, during the pendency of this appeal * * In this motion he said:
“That he consents to acquiesce in the judgment recently rendered in this case by the Court.”
The defendant moved the Court to declare null and void all proceedings had subsequent to the filing of the transcript. The Court of Appeal held that the judgment was “valid and binding upon all parties”, saying:
“In the case at bar, the moment that ‘Sambo’ or Elmo Turner became 18 years of age after his marriage he was emancipated for all purposes, and at that moment his father’s capacity to represent him ceased; but at that same moment ‘Sambo’ or Elmo Turner had the capacity to represent himself in court and to prosecute the suit to a final conclusion. He did not have to be formally recognized as plaintiff under the authority of the cases above cited, nor did he have to make any formal appearance in court. Judgment was finally rendered in his favor, with which he now says he is satisfied.
“If a judgment had been rendered against him under the circumstances, he would, in our opinion, have been bound for the reason that he was in court personally during the trial;' the suit was brought for him; and he was fully cognizant of all the proceedings. When he became emancipated he was thereby vested with full capacity to1 represent himself in court. He did not see fit to object to the prosecution of the suit ¡but acquiesced in all that was done during a period when *356 ■he had capacity to hind himself and to he hound.
“Could he now, after acquiescing in what had been done, repudiate the judgment? We do' not think sod’
Counsel for appellants would seek to distinguish this case on the ground that, in the Turner case, Sambo Turner was in court personally during the trial. This fact might furnish a distinction if there was anything whatever to show that the two parties involved here had not acquiesced in what has been done in their behalf by their tutrix, but they have appeared, since they attained majority, in this Court, and, on motion, have asked that they he made parties and have therefore acquiesced in and approved of what was done by their tutrix, and, as a result, could never be heard to1 say that they were not bound by the judgment rendered and that payment to' them, under that judgment, would not prevent them or anyone else from presenting again the same claim.
It seems to us that the authorities to which we have referred make it clear that these two persons were within their rights in making themselves parties in this Court. We believe that precedent is in their favor.
The position taken by counsel for defendants is concededly purely technical and is based on their interpretation of language used in some of those earlier decisions. If, in those early cases, and in the Turner case, it was found possible to cut through the red tape of legal technicalities and verbiage and to arrive at a conclusion obviously just, we feel that we are even more justified in doing so now since, in recent years, there has been a great change in the attitude of our courts towards technical pleadings and objections, and now more than ever we are convinced that our duty is to arrive at the proper result regardless of the confusion which sometimes is caused by early attempts to adhere too closely to hair-splitting definitions and decisions.
The truth here is that there can be no doubt that.Mrs. Vega and Mrs. Hogan are now and have always been parties at interest in this litigation. They have acquiesced in and approved all that has been done on their behalf and now they come, in their own names, and ask that they be made parties so that payment, if and when it is made, will he made directly to them. The necessary result is that when such payment is made to them, they will be forever estopped to set up any new or other claim based on this same cause of action against the defendant.
Our former decree is reinstated and made final.
Original decree of this Court reinstated and made final.