**64 So.2d 432**

## CALTON v. LOUISIANA POWER & LIGHT CO.

No. 40765.

March 23, 1953.

Dimick & Hamilton, Shreveport, for plaintiff and applicant.

Theus, Grisham, Davis & Leigh, Monroe, for defendant and respondent.

FOURNET, Chief Justice.

The plaintiff, Elnora Mims Sterling Calton, is suing to recover for the death of her son, George Sterling, allegedly caused by the negligence of the defendant, Louisiana Power and Light Company, in failing to string and maintain its uninsulated high-power wires in a safe condition. The case is now before us for review of the judgment of the Court of Appeal, Second Circuit, affirming the judgment of the district court dismissing the suit and denying plaintiff's claim. See 56 So.2d 862.

George Sterling was employed by Pace Bros. Lumber Company, a saw and planing mill, to which the defendant furnished electricity by means of high-power lines strung above a roadway leading into the mill property and supported by poles 482.5 feet apart. The wires, because of a sag, were some 23 feet above the road, and it was while traversing this road on a log loader that the defendant was killed. The boom of the log loader, mounted on a truck chassis and extending rearward thereon, is raised or lowered, after removal of an iron pin under the sprocket wheel, by means of a motor on the truck. The boom was always lowered for travel, and had always been lowered to traverse the roadway; however, on this occasion, the operator thought it possible that the equipment could pass under the lines with the boom in "normal" or elevated position for loading logs—that is, extending upward at an angle of 75 or 80 degrees, to a height of slightly more than 23 feet—but stopped when the boom appeared to be about eight inches from the cables. Sterling, employed as a helper on this equipment, having jumped off the truck and proceeded to its rear, was electrocuted when he apparently reached to remove the pin in order to lower the boom.

As cause of action the plaintiff alleged, and still contends, that the officials of the defendant, with their knowledge that sawmills use booms and derricks, should have anticipated an occurrence of this nature, and are guilty of negligence in failing to insulate these wires and in stringing them between poles located too far apart. The Court of Appeal, in a well-considered opinion wherein the facts are correctly stated and the issues clearly drawn, with a proper application of the law rejected these contentions, finding as a fact that the defendant's lines complied with all recognized standards of electrical construction, particularly those recommended by the National Bureau of Standards of the U. S. Department of Commerce, and were at a proper height to safeguard against a contingency that could reasonably be foreseen or expected. The Court, however, went further, and erroneously, we think, approved the gratuitous conclusion of the trial judge that the acts of Sterling constituted negligence on his part.

While the record discloses that Sterling was well aware of the danger inherent in contact with the wires, and had shortly before announced his intention not to ride the loader under the wires with the boom up, the evidence is also clear that all of the several witnesses to the accident were certain the boom was still a distance from the lines when the truck was halted. So positive are they that the explanation offered is that the electrical current must have "jumped," whereas expert testimony shows that under the circumstances of this case such a phenomenon cannot take place over a distance greater than a fraction of an inch. Consequently, to conclude, as did the trial judge and the Court of Appeal, that when the truck stopped and Sterling went to the rear to remove the pin (a task which he had performed on previous occasions), he knew or had reason to believe that the boom was in contact with the wire, is to say that he possessed powers of perception to a higher degree than other observers and that he intended to commit suicide.

In view of the conclusion, however, that the accident was not caused by the negligence of the defendant, clearly the plaintiff cannot recover.

For the reasons assigned, the judgment of the Court of Appeal affirming the judgment of the lower court is reinstated and made the final judgment of this Court.