74 So.2d 339 (1954)
YOUNG
v.
McCULLIUM et al.
No. 3876.
Court of Appeal of Louisiana, First Circuit.
June 29, 1954.
Rehearing Denied September 15, 1954.
Writ of Certiorari Denied October 5, 1954.
Piazza & Gulotta, Wm. P. Schuler, New Orleans, for appellant.
Adams & Reese, New Orleans, for appellee.
LOTTINGER, Judge.
This is a suit by the Administrator of the Succession of Louis Doucette, against Ray McCullium, and his insurer, to recover the amount expended by the administrator for funeral expenses. The deceased was killed in an automobile accident with *340 the defendant, and the said accident forms the basis of this suit. Defendant filed exceptions of no right or cause of action, which were maintained by the Lower Court and the suit was accordingly dismissed.
The petition alleges that the deceased was killed while walking alongside a paved highway near the town of Lacombe, Louisiana. His death resulted when he was struck by an automobile driven by the defendant, Ray McCullium. The petition further alleges that deceased was never married, left no children, no mother or father, and no sisters or brothers. His closest relative was the petitioner, Ernest Young, who was an uncle of the deceased. The said uncle paid the funeral expenses for a proper and decent burial of deceased, which expenses were in the sum of $452.86. He then qualified as Administrator of the estate of deceased, claiming to be a creditor of the estate in the said amount. He now sues the defendant and his insurer, claiming the sum of $452.86 to be a debt due the estate.
Defendants filed the following exceptions(1) that the petitioner does not have the legal capacity to sue in that it appears from the petition that petitioner is suing in his capacity as administrator of the Succession of Louis Doucette and seeks judgment in that capacity for money paid by him individually for funeral and burial expenses of the said Louis Doucette deceased, for which he had no legal obligation or liability to pay; and (2) that the plaintiff has no right or cause of action in this cause in that he is suing in his capacity as administrator of the Succession of Louis Doucette and seeks judgment in that capacity for money paid by him for funeral and burial expenses of the said Louis Doucette, deceased, for which he had no legal obligation or liability to pay.
The Lower Court held that there was no right or cause of action in favor of petitioner in this suit, and accordingly dismissed same. The petitioner has appealed.
This case must necessarily come under the provisions of Article 2315 of our LSA-Civil Code, as it is, in essence, a suit for damages for the wrongful death of deceased. The pertinent portion of the said Codal Article provides:
"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children, including adopted children and children given in adoption, or spouse of the deceased, or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above named persons, then in favor of the surviving blood brothers and sisters, or either of them, for the space of one year from the death. * *"
Article 2315 limits the rights given therein to the parties mentioned in the article. Nowhere in the said article are the said rights given to the administrator of a succession, nor to a creditor, nor to an uncle of the deceased. It is clear, therefore, that the petitioner has no right of action under the provisions of Article 2315.
The petitioner, however, claims that his right of action is based on the provisions of Article 2316, which provide:
"Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."
Article 2316 merely enlarges the provisions of Article 2315 so as to include acts of negligence, imprudence, or want of skill. They are to be read together and Article 2316 merely enlarges the rights granted to the parties named in Article 2315. Bourgeois v. Indemnity Ins. Co. of North America, La.App., 60 So.2d 718.
In Kerner v. Trans-Mississippi Terminal R. Co., 158 La. 853, 104 So. 740, 741, the Supreme Court, in discussing Article 2315, said:
"A right of action for damages for personal injuries is not inheritable under *341 the common law, and was not under the civil law. Unless a statute declares that such right of action shall survive in case of the death of the person injured, it is abated by his death, whether he dies as a result of the injury or from some other cause, and whether he has or has not instituted a suit to recover the damages suffered. * * *
"There is no right of action at common law, and there was none under the Roman or the Spanish law, for damages caused by the wrongful or negligent killing of a human being, for the loss of his support, or for mental suffering inflicted upon any one surviving him, by his death. * * * Therefore a statute that gives the right of action to survivors of the person injured, in case of his death, must be construed strictly, and not extended to any other survivors than those who were surely intended to be included and are in fact mentioned in the statute; and the rule applies as well to the right of action which the deceased person had for the injuries suffered by him as to the right of action for the damages suffered by the survivors mentioned in the statute."
We are of the opinion that the above is applicable to the instant case.
The petitioner cites the provisions of Articles 2295 through 2299 of the LSA-Civil Code, which deal with quasi-contracts. Article 2299 provides:
"Equity obliges the owner, whose business has been well managed, to comply with the engagements contracted by the manager, in his name; to indemnify the manager in all the personal engagements he has contracted; and to reimburse him all useful and necessary expenses."
If the deceased were still living, the petitioner might have a just cause of action against him for funds expended on his behalf. However, the said codal articles give no such right of action against a third party.
As stated before, this suit is strictly one for damages for wrongful death of the deceased. The law relating to such an action is found in Article 2315, and as such article is in derogation of common law, it must be strictly construed. No right is given the petitioner under said article, and the exceptions were properly maintained.
For the reasons assigned, the judgment of the Lower Court is affirmed, all costs to be paid by petitioner.
Judgment affirmed.