PONDER, Justice.
 

 This Court granted writs to review a judgment of the Court of Appeal, see 80 So.2d 159, refusing damages to the plaintiff and her minor children for the death of her husband .who' .was electrocuted when his body came in contact with uninsulated wires while he was'engaged in painting the house of Mrs. Luke Grizzaffi. It is the allegation of the plaintiff that-the mayor and councilmen of Morgan City, as owners and operators of-the-electric line system in that city, were negligent in failing to exercise proper supervision in keeping the wires in repair.
 

 The decedent was found dead at the foot of the; ladder he was using to paint the upper front portion of the house and there were- no eyewitnesses to the accident. Death was due to contact with wires which were uninsulated and were attached to the house at the eave some ten feet from the ground. It was established by competent testimony that the wires were insulated when installed but the covering or insulation had deteriorated due to weather and exposure.
 

 Expert testimony was introduced to show that the purpose of insulation on the wires is only for the purpose of installation in that it facilitates the handling of the wire itself and that after the wire is installed there is no necessity for insulation as a protection. This conclusion was rejected by this Court in the cases of Hebert v. Lake Charles Ice, Light & Waterworks Co., 111 La. 522, 35 So. 731, 64 L.R.A. 101 and Potts v. Shreveport Belt Ry. Co., 110 La. 1, 34 So. 103. It was concluded in those cases that insulation was to afford protection to life contrary to expert testimony similar to that introduced herein.
 

 In denying recovery the Court of Appeal found the case of Calton v. Louisiana Power & Light Co., 222 La. 1063, 64 So.2d 432 controlling in holding the defendant not guilty of negligence. In this the Court of Appeal committed error. In that case this Court pointed out that the high power lines constructed by the defendant company complied with all recogr nized standards of electrical construction, particularly those recommended by the Bureau of Standards of the United States Department of Commerce; and that the
 
 *885
 
 lines were at a proper height to safeguard against a contingency which could reasonably be foreseen or expected. That situation is not present here because the .wires in question were so situated (ten feet above the ground, attached to the outside .of the house) that it should have been obvious to the defendants that from time to time repairs would have to be made and ■workmen would be in close proximity to ■the wire.
 

 The court was in error in concluding that the condition of the wires was not in violation of law. LSA-R.S. 40:1603 provides that all electrical wiring must be in compliance with the National Electrical Code which stipulates that in situations of 'this kind wires must have an insulation covering'to prevent any detrimental leakage of current to adjacent conductors, objects, or the ground.
 

 It was decided by this Court in the much cited case of Potts v. Shreveport Belt Ry. Co., 110 La. 1, 34 So. 103, 98 Am.St.Rep. 452 that even in- the absence of statutory law a company maintaining electrical wires over which a high voltage of electricity is conveyed, rendering them highly dangerous to others, is under the duty of- using the necessary care and prudence, at places where others may have the right to go either for work or pleasure, to prevent injury; that such company carries the duty of keeping its wires perfectly insulated; and it must exercise the utmost care to maintain them in this condition at such places. This rule has been followed in the following cases: Hebert v. Lake Charles Ice, Light & Waterworks Co., 111 La. 522, 35 So. 731, 64 L.R.A. 101, 100 Am.St.Rep. 505; Babin v. Sewerage & Water Board of New Orleans, 2 La.App. 517; Ledet v. Lockport Power & Light Co., Inc., 15 La.App. 426, 132 So. 272; Bynum v. City of Monroe, La.App., 171 So. 116; Webb v. Louisiana Power & Light Co., La.App., 199 So. 451; Mays v. Southwestern Gas & Electric Co., 174 La. 368, 140 So. 826; Hughes v. Southwestern Gas & Electric Co., 175 La. 336, 143 So. 281. Likewise, in the following cases the electric company was found negligent for failtye to insulate where such was specifically provided for by city ordinance: Haight v. New Orleans Public Service Co., 2 La.App. 405; Clements v. Louisiana Electric Light Co., 44 La.Ann. 692, 696, 11 So. 51, 16 L.R.A. 43; Moren v. New Orleans Ry. & Light Co., 125 La. 944, 52 So. 106. And in the case of Layne v. Louisiana Power & Light Co., La.App., 161 So. 29 the plaintiff was allowed to recover when he was injúred by contact with wires connected to a house while he was engaged, in repairing a roof because the defendant company was'negligent in failing to insulate the wire in violation of the National Electrical Code.
 

 Hence the jurisprudence'of. this state is to the effect that when .electric wires are so situated at places where it is
 
 *887
 
 to be presumed that others will go for work or pleasure, there is a duty on the company not only to properly insulate these wires but also to exercise the greatest degree of care and constant vigilance in inspecting and maintaining the wires in perfect condition. This is especially true when there is a law which provides for such insulation.
 

 Having concluded that there was negligence on the part of the defendants, it now remains to determine whether or not the decedent was contributorily negligent as contended by the defendants.
 

 There were no eyewitnesses to the accident and the decedent was found at the bottom of the ladder on the ground and upon examination was pronounced dead. The coroner’s jury found that the cause of death was electrocution. The Court of Appeal found that the decedent was guilty of contributory negligence in that he was grossly negligent and careless in painting under and around the electric wires and touching or coming in contact with them. That court relied upon the case of Bouchon v. New Orleans Ry. & Light Co., 154 La. 397, 97 So. 587.
 

 Defendants introduced no evidence to show contributory negligence and none was shown. Whenever this defense is pleaded it is incumbent upon the party pleading it to prove it by a preponderance-of evidence. Clements v. Louisiana Electric Light Co., 44 La.Ann. 692, 11 So. 51, 16 L.R.A. 43, 32 Am.St.Rep. 348; Layne v. Louisiana Power & Light Co., La.App., 161 So. 29, 35. It was pointed out in theLayne case that when a person is employed: in the presence of a known danger, to constitute contributory negligence, it must be-shown that he voluntarily and unnecessarily-exposed himself to the danger and where-there are no eyewitnesses to any act of negligence it is presumed that the decedent: acted with ordinary care. The court in theLayne case quoted from Adams v. Iron Cliffs Co., 78 Mich. 271, 44 N.W. 270, 18 Am.St.Rep. 441 the following: “‘“The reason for this rule is that life is dear to the normal person, and that he will not willingly do the thing which will extinguish it, but, on the contrary, will exercise-due care to preserve it.” ’ ”
 

 Furthermore, the case relied upon by the Court of Appeal, Bouchon v. New Orleans Ry. & Light Co., 154 La. 397, 97 So. 587, 588, shows by the very quotation used by that court that it is not applicable for the-reason that Bouchon was warned of the-danger of the wire and voiced his indifference with the eloquent answer, “ ‘Damn the-wire.’ ”
 

 There remains only the question of quantum of damages. The decedent was.
 
 *889
 
 24 years old when he met his death and was earning approximately $57 per week. He is survived by a wife and two minor children. In Alford v. Louisiana & Arkansas Ry. Co., La.App., 38 So.2d 258, cited by the plaintiff, the court awarded $10,000 to a wife and $5,000 for each of three minor children for the death of a 48 year old husband, earning $215.00 per month and having a life expectancy of 22 years. In the case of Tolle v. Higgins Industries, Inc., 212 La. 173, 31 So.2d 730, this Court allowed damages for the death of a 60 year old man in the amount of $12,000.00 and $7,000.00 for the benefit of a 16 year old daughter. In the present case it would seem that an award of $15,000.00 to the wife and $7,000.00 for each of the two minor children would be reasonable.
 

 For the reasons assigned, the judgment of the Court of Appeal, First Circuit, is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment in favor of Mrs. Margaret Cram Stansbury in the amount of $15,000.00 individually, and $14,000.00 for the benefit of the minors, Merlin C. Stansbury, Jr., and Deborah Mary Stansbury, with legal interest from judicial demand until paid. All legal costs to be paid by the defendants, Mayor and Councilmen of Morgan City, Louisiana.
 

 SIMON, J., recused.