101 So.2d 7 (1958)
Lynn ANDRUS, Natural Tutrix of Steven Keith Miller, Minor,
v.
Donald Wayne WHITE and Hardware Mutual Casualty Company.
No. 4552.
Court of Appeal of Louisiana, First Circuit.
February 3, 1958.
Rehearing Denied March 17, 1958.
Writ of Certiorari Granted April 21, 1958.
*8 Dubuisson & Dubuisson, Opelousas, for appellant.
Jack C. Fruge, Ville Platte, for appellees.
ELLIS, Judge.
Lynn Andrus, the duly confirmed and qualified tutrix of Steven Keith Miller, the minor son of James Bernard Miller who was killed in an automobile accident while a guest passenger on January 27, 1956, brought this action for damages incurred by the minor as a result of decedent's untimely death.
After a trial on the merits with written reasons the District Judge rendered judgment in favor of the plaintiff in the amount of $20,500 together with legal interest thereon at the rate of 5% per annum.
Defendants appealed and it is agreed that the only question before this court is one of quantum. The basic question is whether the amount rendered by the District Judge is manifestly erroneous.
The first item of damages which was disallowed by the district court was expenses of the funeral in the sum of $1,369.50 and hospital expenses in the sum of $213.50, or a total of $1,583. At the trial, counsel for plaintiff offered statements to support these damages which were admitted by defendant to be correct, and the latter made the following objection:
"To which offering counsel for defendants objects on the ground that these bills are for the death of the deceased; that the plaintiff in this case is the divorced wife of the deceased, she having been divorced prior to the time of his death. The suit is by the divorced wife, as tutrix, for and on behalf of the child which was allegedly the offspring of the marriage between the decedent and plaintiff. It is defendant's position that the plaintiff cannot sue for these items of damages for and on behalf of the child, unless it be shown that the child, himself, with the consent of the mother, incurred these expenses. The right of action under Article 2315 would not lie in the child for these items, and the tutrix *9 has not the right to seek these damages. The administrator of the deceased's estate could be the only person to sue for these damages, unless it is shown that someone actually accepted responsibility for these damages, and the child could only accept responsibility for these damages if, under benefit of inventory, the father's estate was accepted by the child with authority of court."
The District Court admitted the evidence subject to the objection but denied in his judgment the right of the beneficiary, that is, the minor son, through the natural tutrix, to collect these sums, for the following reasons:
"During the trial, counsel for defendants objected to any evidence for the amount of funeral and hospital expenses, on the ground that there was no allegation that the minor had actually paid such expenses. The testimony of deceased's father, Mr. Emile Miller, shows that the hospital bills and funeral expenses were actually paid by him, and the minor has not been called upon for reimbursement, nor is it likely that he or his estate will be held for same. Counsel for plaintiff argues that since the administrator of a succession cannot sue for such expenses, Young v. McCullium, La.App., 74 So.2d 339, then such right should accrue in favor of the beneficiary listed in LSA-C.C. Article 2315. Defendant relies on the case of Pegg v. Toye Brothers Yellow Cab Co., La.App., 167 So. 896, and argues that unless the item of expense in question was actually paid by the plaintiff he has no right to claim reimbursement therefor. The Court is of the opinion that this item of damage should be disallowed, in view of the testimony in the record that all such expenses were paid by the father of the deceased who makes no claim."
Counsel for the defendant in his brief follows the lines of his objection on the trial of the case, relying upon Pegg v. Toye Bros. Yellow Cab Co., supra [74 So.2d 340], and distinguishing the case of Young v. McCullium, supra, decided by this court in which an uncle had paid the funeral expenses of the deceased and after qualifying as administrator of the latter's succession sought to recover the amount. We held in affirming a judgment of the lower court that there was no right or cause of action in favor of the plaintiff as Article 2315 "limits the rights given therein to the parties mentioned in the article. Nowhere in the said article are the said rights given to the administrator of a succession, nor to a creditor, nor to an uncle of the deceased. It is clear, therefore, that petitioner has no right of action under the provisions of Article 2315."
This court has in effect held that the beneficiary under Article 2315 can sue for funeral expenses and of course medical expenses, in this case, the hospital bill.
Counsel for defendant argues that one must be the ranking beneficiary and have paid or become liable for such expenses. In the present case he argues that if the minor had been put in possession of his father's estate by virtue of a court order, after benefit of inventory which would have made his, the minor's, estate liable for the deceased's debt, this item would constitute a valid claim for damages. Counsel for defendant then concludes: "But as the matter now is, no one can recover for these charges." We choose to follow our ruling in Young v. McCullium, supra, and therefore hold that the beneficiary, in this case, the minor son, through his tutrix can recover these funeral and hospital bills amounting to $1,583.
The record reveals, and counsel for both parties agree, that the deceased became unconscious immediately as the result of the accident and remained unconscious until his death some forty hours later. There is no evidence whatsoever of any suffering by the deceased during his last unconscious hours. The judge below, however, stated: "The court feels, however, that under the circumstances here presented, where *10 deceased suffered a crushing head injury, and did not die until almost two days after, nominal damages at least should be granted, and consequently we will award such damages to the minor in the sum of $500.00." If there was a scintilla of evidence of any suffering or pain on the part of the deceased by his actions or otherwise during his unconscious hours from the time he was injured until his death we would not hesitate to affirm or increase, if the evidence justified, the award for this item. We cannot assume nor substitute an unsupported belief that he must have suffered, in the absence of competent testimony that should and could have been produced if it were true.
The remaining claims in this case are composed of, one, for loss of love and affection, companionship and guidance, and, secondly, support and education. For these the District Court awarded the sum of $20,000. This award was based upon the following excerpts from the written reasons for judgment of the lower court as follows:
"The minor's claim in this instance includes the action for suffering and pain endured by his father as a result of the accident in question, as well as his own damages, encompassing the generalities of loss of support until reaching majority, loss of love and affection, companionship, guidance and education, and the remaining elements composing the parent-child relationship. In fixing the amount of the award, regard should be had for the closeness of the ties between the parties, the degree of love and affection, as well as the ability of the defendant to pay. See Keith v. Royal Indemnity Co., La.App., 90 So.2d 534, where awards of $15,000 each were made to two minor children who lost their father and mother. Also of interest as to quantum are the cases of Engeron v. LeBlanc, [La. App.,] 29 So.2d 497; Stansbury v. [Mayor and Councilmen of] Morgan City, 228 La. 880, 84 So.2d 445; Paquet v. Renkin [La. App.], 30 So.2d 218; Brooks v. State Farm Mutual Automobile Ins. Co., [La.App.,] 91 So.2d 403; and Patrick v. T. Smith & Sons [La.App.], 58 So.2d 353.
"In the present case, the uncontradicted evidence is that the deceased was rendered unconscious at the time of the accident and remained unconscious until his death, some 40 hours after receiving his injuries. The law is clear that in such cases, the award for pain and suffering must be held to a minimum, and in some cases, has been disallowed entirely. The court feels, however, that under the circumstances here presented, where deceased suffered a crushing head injury and did not die until almost two days afterward, nominal damages at least should be granted, and consequently we will award such damages to the minor in the sum of Five Hundred and no/100 ($500.00) Dollars.
"This brings us to consideration of the minor's claim for his own damages, made up of the various elements hereinabove enumerated. Mr. Emile Miller carried a policy of public liability insurance on his automobile with limits of liability fixed at $50,000 for each person and $100,000 for each accident. There is no showing of the ability of defendant White to pay, but since the award to be made does not exceed the policy limits, this is not a controlling factor. It is shown that the child was four years of age at the time his father was injured on January 27, 1956. The father was providing the sum of $40 per month for his son's support in accordance with the divorce decree, either from his own earnings when he worked or through arrangements made with his father, Mr. Emile Miller. Counsel for plaintiff points out in his brief that this sum alone, paid until plaintiff's majority, would amount to slightly more than $8,000. From the station in life of the child's grandfather, and the other evidence in the case, including the child's mother's status in life and that of her family, it appears that, although deceased was very young when he was killed, he would have been able to provide support and schooling for his son as he developed and according to his needs. *11 Needless to say, under present economic conditions, this could not be done on $40 per month.
"It further appears that while the home had been broken and the parents were divorced, the father visited with his child frequently and held considerable affection for him. Money cannot compensate for the years of companionship which lay ahead, even considering the separation of plaintiff's father and mother, nor, in the opinion of this Court, could there have been a substitute for the natural relationship of father and son. I have concluded that an award to the minor in the sum of $20,000 is not excessive to provide for his support and education until he reaches the age of majority, and to compensate him for the remaining elements of damage suffered as the result of his father's untimely death."
After a careful consideration of the record we find that the written reasons of the District Court as above quoted correctly state the facts and form the basis upon which an award should be founded.
It is well established under our jurisprudence that in assessing damages the pecuniary loss is impossible of determination on any scientific basis, and the courts can only exercise a sound discretion and award such amount as may seem just and not duly oppressive to the litigants, but the facts of each case must be the basis upon which the amount or award is predicated. Dobyns v. Yazoo and V. R. Co., 119 La. 72, 43 So. 934; Dowell, Inc. v. Jowers, 5 Cir., 166 F.2d 214, 2 A.L.R.2d 442, certiorari denied 334 U.S. 832, 68 S.Ct. 1346, 92 L.Ed. 1759.
We will consider the minor's loss of support and education which counsel for the defendant contends should be governed by the amount, viz., $40 which the father was contributing to his support at the time of his death and he bases this argument upon the contention that this amount was fixed by a tribunal of this state. In such cases the amount fixed for the maintenance and support of a minor is subject to change according to the increase in the earnings of the father and the needs of the minor. In civil cases as the one under consideration the damages recoverable under LSA-C.C. Article 2315, may include loss of such material support as might have been reasonable. Dougherty v. New Orleans Ry. and Light Co., 133 La. 993, 63 So. 493. Also in American Jurisprudence, Vol. 16, Sec. 213 under the topic "Prospects" we find the following:
"According to some decisions, the probable diminution of the capacity of a person wrongfully killed to earn money, for example, as the result of the infirmaties of age, may be considered in estimating the damages in an action for his death. It has also been declared that the prospects in life of the decedent before he was killed or his reasonable expectations at the time of earning more in the future may be taken into consideration whether the action is for the benefit of designated beneficiaries, or for the benefit of the estate of the decedent, but that such prospects may not be taken into consideration unless the change of circumstances clearly appear."
Able counsel for defendant also contends that the amount obtained at $40 per month for 12 months multiplied by 17 years (number of years until minor would have reached majority) or a total of $8,160, should be discounted which would give the minor $4,674.93 for support and education.
A discount of an award for prospective loss was made in Duree v. State, La.App. 1 Cir., 96 So.2d 854; Marler v. State, La. App.2d Cir., 78 So.2d 26, relying upon Jones v. Kansas City So. Ry. Co., 143 La. 307, 78 So. 568. In the first two cases cited a specific amount for immediate damages such as loss of love, companionship, training and guidance was awarded with, of course, no discount, however, the prospective damages were discounted, all in accordance *12 with the rule stated in 16 Am.Jur. 138, "Death" Section 202.
On the other hand there are many cases among which are Stansbury v. Mayor & Councilmen of Morgan City, 228 La. 880, 84 So.2d 445, Guidry v. Crowther, La.App., 1 Cir., 96 So.2d 71, in which an award was made to minors in an undiscounted lump sum for immediate and prospective damages, viz., loss of love, affection, guidance and training and support and education.
In view of the above cited jurisprudence we believe that awards for prospective damages (instant case support and education) may be fixed by discount method or may be included in a lump sum award together with immediate damages (instant case, love, affection, guidance and training). We have decided to award a lump sum for prospective and immediate damages in the instant case.
Under the facts in this case it is shown that the deceased was an ambitious young men intent upon a college education and the securing of a degree in geology. There was every expectation that he would secure this degree as there was no financial impediment nor lack of industry of scholarship on his part. It could be reasonably expected that within what might be termed a relatively short time he would have been in a position financially to have adequately contributed to his minor son's support and education even through college. Naturally such an amount would be far in excess of $40 per month. We believe that considering the prospective, normal needs of the minor and the earnings of the deceased that an award of $15,000 for loss of love, affection, companionship, guidance, support and education would be just and proper in this case.
It is therefore ordered that the judgment of the lower court be amended by disallowing the sum of $500 for pain and suffering and awarding the sum of $1,583 for funeral expenses and hospital bills, and reducing the award of $20,000 to $15,000, or a total judgment of $16,583, and as thus amended the judgment of the District Court is affirmed, defendant to pay all costs.
Amended and affirmed.