SAVOY, Judge.
This is an action in tort arising out of an automobile accident that occurred on or about October 25, 1969, on Louisiana Highway No. 1215 in Sabine Parish. The vehicles involved were a 1967 Chevrolet owned by plaintiff, John Ebarb, and operated by his minor son, Charles Ray Ebarb, who was killed in the accident; and a 1969 Chevrolet owned by Louis Sepulvado and being driven by his son, Joseph Harrold Sepulvado. Plaintiffs, the parents of Charles Ray Ebarb, sue to recover damages alleging that the accident was caused solely and proximately by the negligence of Joseph Harrold Sepulvado. Defendant, the liability insurer of the Sepulvado car, answered plaintiffs’ petition with a general denial of any liability, and alleged that the sole proximate cause of the accident was the negligence of Charles Ray Ebarb. Alternatively, defendant alleged contributory negligence on the part of Charles Ray Ebarb. After a trial on the merits, the district court rendered judgment in favor of defendant, dismissing plaintiffs’ suit. From this judgment plaintiffs have appealed to this Court.
Plaintiffs maintain that the district court erred in failing to find Joseph Harrold Se-pulvado guilty of negligence which was the sole proximate cause of the accident, and in failing to recognize and properly apply the presumption of law that when the driver of a motor vehicle is killed in an accident, and by reason of his death he is unable to testify as to how the accident occurred, that it is presumed that he was not negligent in bringing about his own death. It is maintained that this presumption was not overcome by credible evidence. Defendant maintains that the district court’s findings of fact were amply supported by the evidence, and that the judgment should be upheld.
The record shows that the accident occurred on October 25, 1969, at about 12:15 A.M. on Louisiana Highway No. 1215, which is also known as the Blue Lake *102 Road, in Sabine Parish, Louisiana. In the area where the accident occurred, the highway runs generally east and west, is level and straight, and the speed limit is 60 miles per hour. The highway is a normal two-lane road, paved with blacktopping. At the time of the accident, the weather was clear and the highway was dry.
Just prior to the accident, both vehicles were traveling in an easterly direction, and the accident occurred as or just after the Ebarb vehicle passed the Sepulvado vehicle. There was no debris or other evidence on the main traveled portion of the highway to show the point of impact between the vehicles. The Ebarb vehicle left skid marks approximately 300 feet in length from where it left the paved portion of the road to the point where it struck a tree with great force and came to rest in a wooded area on the north side of the road. The Sepulvado vehicle left skid marks a distance of about 456 feet along the shoulder and ditch to the point where it came to rest after having struck a concrete culvert on the south side of the road. Photographs introduced into evidence show that the Ebarb vehicle was totally disintegrated while the Sepulvado vehicle was seriously damaged. Plaintiffs’ son, Charles Ray Ebarb, died instantly from the accident, and the driver of the Sepulvado vehicle, Joseph Harrold Sepulvado, and his passenger, Eli Ebarb, were rendered unconscious and injured.
State Trooper Jerry Rains investigated the accident and stated that the physical evidence showed that the vehicles, while traveling at a high rate of speed, side swiped each other and each went out of control. He found paint on the left front of the Sepulvado vehicle which came from the Ebarb vehicle, apparently from its right side. He testified that he determined the cars collided on the paved portion of the highway by tracing back the skid marks from the cars to the place where the skid marks converged, but he was unable to determine the exact point of impact on the highway or the position of the cars at the moment they made contact. He found no skid marks on the highway, indicating the vehicles had not braked until leaving the paved portion of the road. He stated that the vehicles left skid marks, as opposed to rolling wheel marks, on the shoulder and then the ground, from the place where they left the hard surface of the road to the place where each came to rest.
In addition to Charles Ray Ebarb, who was killed, there were only two eye witnesses to the accident. Joseph Harrold Se-pulvado testified that he was driving easterly on the highway with Eli Ebarb as a passenger. He testified he was in the right lane when the car driven by Charles Ray Ebarb undertook to pass him, that the Ebarb car pulled into him with the right rear end of the Ebarb car colliding with the left front fender of his car, causing him to lose control of his vehicle. He stated he was going about 55 miles per hour at the time, and the Ebarb vehicle was going over >60 miles per hour as it passed him. He denied that he ever pulled over the center line of the highway. He testified he was knocked unconscious when his vehicle struck the culvert. He stated the accident happened about 300 feet from the place where he was to turn off the road. He admitted that he and his passenger had drunk about three beers during the evening, and that he paid a fine for speeding relative to the accident.
Eli Ebarb corroborated this version of the accident. He stated that as the Ebarb vehicle started around them the driver of that vehicle lost control and pulled right into the front end of the Sepulvado vehi-clej knocking them off the road into the ditch, where their vehicle followed the ditch and hit a culvert. He testified that the Sepulvado vehicle was in the right lane of the road prior to and at the time of the accident. He stated there was another vehicle approaching from the west at the time of the accident at some distance away, but it must have turned off before it reached the place where the accident occurred. He also testified that Sepulvado *103 was acting normally and denied the drinks consumed by Sepulavado had affected his driving. He stated the accident occurred about 200 yards from the road where they were going to turn off the highway.
The issues of liability raised on appeal are whether or not each driver was guilty of negligence proximately causing the accident. In arguments, there are two versions as to how the accident occurred. Plaintiffs’ version is that as the vehicle passed the Sepulvado vehicle, the driver of the Sepulvado vehicle allowed a portion of his vehicle to enter the left lane and side swiped the car driven by their son, forcing it off the road and causing his death. Defendant’s version is that Charles Ray Ebarb attempted to pass at an excessive rate of speed, and in doing so, cut back to the right lane too sharply and struck the left front of the Sepulvado vehicle, thereby causing the accident.
The district court accepted defendant’s version of the accident. It found there was no positive evidence that Sepulvado was negligent in his driving, except possibly that he was driving at a speed in excess of the speed limit. The district court reasoned that if Sepulvado was negligent in driving in excess of the speed limit, then plaintiffs’ son was also negligent in driving at a speed in excess of the speed limit, since he was in the process of passing the Sepulvado vehicle; and accordingly, his contributory negligence would be a proximate cause of the accident and would bar recovery by the plaintiffs.
This Court finds that the record amply supports the findings of fact as made by the district court. There is no showing whatever that the Sepulvado vehicle crossed the center line of the highway to cause the accident. Any argument to this effect is pure speculation and all evidence is to the contrary. The state trooper could not locate the point of impact on the highway, and Joseph Harrold Sepulvado and Eli Ebarb testified positively that the Se-pulvado vehicle was in the right lane prior to and at the time of the accident.
Although there was some testimony offered indicating that Joseph Harrold Se-pulvado was intoxicated, this evidence was conflicting and was countered by other testimony that he had only drunk three beers between 9:00 and 12:00 P.M., and that his behavior and driving were not affected by the beers he had consumed. Even assuming Sepulvado was intoxicated at the time of the accident, there is no showing that such constituted a proximate cause of the accident.
The facts of the accident do indicate that Joseph Harrold Sepulvado was likely exceeding the speed limit at the time of the accident. However, there was no showing that this speed was a proximate cause of the accident. Assuming that it was, then this Court agrees with the district court that Charles Ray Ebarb was also speeding, and that his speeding, as well as his action in pulling back to the right of the center line too soon during a passing maneuver, was a proximate cause of the accident. Such would constitute contributory negligence and defeat plaintiffs’ right to recover damages in this lawsuit.
Plaintiffs maintain that it is the law of this state that when the driver of a motor vehicle is killed in an accident, and by reason of his death he is unable to testify as to how the accident occurred, the law presumes that he was not negligent in bringing about his own death, and cite the Supreme Court case of Stansbury v. Mayor and Councilmen of Morgan City, 228 La. 880, 84 So.2d 445, (1955), and other earlier Court of Appeal cases. In each of the cases cited the negligence of the defendant was established, and the presumption was invoked to hold the deceased person free of contributory negligence. The presumption is generally applied in the absence of eye witnesses, and it is a rebut-table presumption. These cases are distinguishable from the instant case. Basically, these cases are not authority for using such a presumption to establish the primary negligence of the defendant, as the presumption is used only to negate contributo *104 ry negligence. Also, in the instant case, there was ample direct evidence to support the defendant’s version of the accident which was accepted by the district court.
In cases such as this one, where the issue is purely one of fact, and there is conflicting testimony, the district court is in a better position than the Court of Appeal to observe the demeanor of the witnesses and to evaluate their testimony. The district court found that Joseph Har-rold Sepulvado was not guilty of negligence which was a proximate cause of the accident; but, even assuming that he was, then Charles Ray Ebarb was guilty of contributory negligence proximately causing the accident. From the facts of this case, this Court finds no manifest error and will accordingly uphold the judgment of the district court.
For the reasons assigned, the judgment of the district court is affirmed. All costs of appeal are assessed against plaintiffs.
Affirmed.