GARRISON, Judge.
This case arises out of a collision which occurred on August 4, 1976 between a left-turning automobile and an overtaking and overpassing motorcycle at the intersection of Elm Street and Louisiana Highway 18 (River Road) in the city of Hahnville, Parish of St. Charles. Mr. Faciane filed suit seeking recovery for personal injury and property damage. Mrs. Green answered through her insurer and then reconvened through private counsel. The reconventional demand was answered by Mr. Faciane’s insurer. Subsequent to trial, the district court rendered judgment dismissing both the original and reconventional demands on the grounds that both parties were negligent and the negligence of each was a proximate cause of the accident. Mrs. Green appealed from that judgment which we affirm.
The trial judge stated the following findings of fact in his written reasons for judgment:
“The uncontroverted facts are that defendant, Green was the lead car in a four or five vehicle group proceeding upstream on La. 18. She slowed her vehicle when nearing the junction of Elm Street and La. 18 and almost came to a stop preparatory to turning left onto Elm Street. The three or four vehicles immediately to the rear of the Green vehicle also slowed and their brake lights came on. Ms. Becnel in the rear vehicle of the group could not see the Green vehicle at the front of the line of cars, only the slowing speed of the cars and their brake lights caused her to slow, causing her to brake her car and almost come to a stop.
*849 The final uncontroverted fact is that Ms. Green started her left turn and while in the left, or downstream, lane of La. 18 her vehicle was struck by the overtaking cycle of plaintiff as he attempted to pass the four or five vehicles that had slowed speed in the right lane.
“Plaintiff, Faciane, testified that he saw brake lights on the cars ahead. The cars ahead had decreased their speed. He saw no obstruction ahead and he pulled into the left lane to pass the cars. He passed the rear car and the cars in the right lane stopped and he could not get back into the right lane. Although he saw the brake lights on each of the cars in the line as he approached them, he could not see the signals on the Green vehicle when he pulled into the left lane. He was two car lengths away from the Green vehicle when she started her turn. He blew his horn and had his headlight turned on.
“Defendant, Green, testified that she put-her left turn signal on when about one block from Elm Street. She looked in the rear-view mirror and saw the vehicles behind her. When about one-half block from Elm Street she looked in the rear-view and side mirrors; then a split second before making the left turn she looked in the rear-view and side mirrors. She did not see the motorcycle until it hit her.
“Ms. Becnel testified that she could not see the Green vehicle as she followed the slowing line of vehicles behind the Green vehicle; that as the cars in front of her slowed down she slowed down and looked in her rear-view mirror. She saw plaintiff approaching at a very fast speed when he was a block behind her; that the cycle whipped around her vehicle into the left lane. She heard no horn from the cycle nor did she remember seeing a headlight.”
On appeal Mrs. Green argued that the trial court erred in holding that she was negligent. We do not agree. A motorist making a left turn must meet a high standard of care in the execution of that turn,
including a proper observation of the rear for passing traffic, immediately prior to the commencement of the turn. Morgan v. Liberty Mutual Casualty Co., 317 So.2d 7 (La.App. 1st, 1975). Before a motorist may execute a left turn, she must first ascertain that the turn can be made without endangering other motorists. Tallo v. Johnson, 255 So.2d 446 (La.App. 1st, 1971). A review of the record of this proceeding convinces us that Mrs. Green failed to meet the high standard of care which was required.
Mr. Faciane argues on appeal that the trial court erred in failing to apply the doctrine of last clear chance. Once again, we do not agree. A review of the record convinces us that Mrs. Green did not have a chance to avoid the accident when the time, distance, and vehicle control are considered. Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.