478 So.2d 707 (1985)
Rogers Joseph BENOIT, et al., Plaintiffs-Appellants,
v.
HARTFORD CASUALTY INSURANCE COMPANY, et al., Defendants-Appellees.
No. 84-758.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1985.
Writ Denied January 13, 1986.
*708 Guillory, McGee & Mayeux, Robert K. Guillory, Eunice, for plaintiffs-appellants.
Jeansonne, Briney & Goudelocke, Owen Goudelocke, Gist, Methvin, Hughes & Munsterman, DeWitt T. Methvin, Jr., Alexandria, for defendants-appellees.
Before GUIDRY, STOKER and KING, JJ.
GUIDRY, Judge.
This is a wrongful death action brought by the five children of Mary C. Fruge, the decedent, who was killed in an automobile *709 accident, which occurred on January 8, 1982, on U.S. Highway 190, in Basile, Evangeline Parish, Louisiana. The original defendants in this suit were the Hartford Casualty Insurance Company (hereafter referred to as Hartford), the liability insurance carrier of Felicien Gobert, the owner/driver of the other automobile involved in the accident, and State Farm Mutual Automobile Insurance Company (hereafter referred to as State Farm), the alleged insurer of the vehicle Mary C. Fruge was driving. Before trial, the plaintiffs and Hartford settled. After trial on the merits, judgment was rendered in favor of the defendant, State Farm, the trial court concluding that plaintiffs failed to prove by a preponderance of the evidence that Felicien Gobert was guilty of any negligence. Plaintiffs have devolutively appealed, asserting that the court erred in failing to find fault on the part of Felicien Gobert. Defendant-appellee, State Farm, answered asserting that the court's negligence finding was proper but that the court's finding that the State Farm policy was in full force and effect was erroneous.

ISSUES
1. May the plaintiffs prove the primary negligence of Felicien Gobert through use of the presumption that when someone is killed in an accident, the law presumes they exercise reasonable care and were free of negligence? What effect does comparative negligence have on this presumption?
2. Whether the plaintiffs carried their burden of proving by a preponderance of the evidence the negligence of Felicien Gobert?
3. Whether the defendant proved the contributory negligence of Mary Fruge?
4. Whether State Farm afforded uninsured or under-insured motorist coverage on the vehicle being driven by Mary Fruge?

FACTS
On January 8, 1982, at approximately 9:50 a.m., two cars, one driven by Mary C. Fruge and the other driven by Felicien Gobert, were traveling in a westerly direction on U.S. Highway 190 in the town of Basile, Louisiana, the Gobert vehicle following the vehicle driven by Fruge. U.S. Highway 190 is a two-lane road that runs in an east-west direction at this locality and has a nine foot wide improved shoulder on both sides.
Presumably, Fruge, who was driving a 1976 Mazda, either owned by herself or her son-in-law, Norvil Mosbroker, attempted a left turn into an unmarked private driveway located south of U.S. High-way 190. Presumably, at this point in time, the Gobert vehicle either had commenced or began a passing maneuver. The two cars collided in the east bound lane.
A police officer of the town of Basile, John Harvey, was called to the scene of the accident. His accident report and later testimony indicated that the Gobert automobile left skid marks in the east bound lane and south shoulder for 50 feet before the point of impact and 57 feet after the point of impact until the two vehicles came to rest in a wide ditch which runs along the southern side of the highway. Harvey fixed the point of impact in the east bound lane of the highway.
There were no eyewitnesses to the accident. Mary C. Fruge died a relatively short time later that same morning while on route to a hospital. Mary C. Fruge was not able to give her account of the accident to the police officer immediately after the accident because she was trapped in the automobile and in some considerable amount of pain.
Felicien Gobert, the driver of the other vehicle, died approximately two months later of natural causes apparently unrelated to the collision. Gobert was never deposed after the accident.
On cross-examination, the investigating officer indicated that Gobert told him soon after the accident that Fruge did not use her turn signals, however, on re-direct examination, the officer indicated that, at the scene of the accident, he had written on his *710 accident report that Gobert said he did not see the signal from Fruge's car. Harvey also testified, without objection, that Gobert stated to him that "he was in the east bound lane going west, attempting to pass, when she (Mrs. Fruge) turned in fron of him."
At the location of the accident, there was no intersection, no prohibition against turning left, and no yellow lines on the highway in the westbound lane prohibiting passing. The road was straight and level. The weather was clear and dry.
At the time of the accident, there was a $10,000.00 limit of liability insurance coverage by Hartford Casualty Insurance Company on the Gobert automobile, and $25,000.00 limits of uninsured or underinsured motorist coverage by State Farm Mutual Automobile Insurance Company on the automobile driven by Fruge. Before the trial on the merits, the plaintiffs and Hartford settled. The plaintiffs reserved their rights against State Farm.

ISSUE NO. 1
Plaintiffs contend that when a person is killed in an accident and is therefore unable to testify on his or her own behalf, the law presumes, because of the instinct of selfpreservation and love of life, that the decedent was not negligent and acted with ordinary care for his or her own safety. Callahan v. The Town of Bunkie, 287 So.2d 629 (La.App. 3rd Cir. 1973), writ not considered, 290 So.2d 905 (La.1974); LeBlanc v. Estate of Blanchard, 266 So.2d 918 (La. App. 4th Cir.1972), writ refused, 263 La. 618, 268 So.2d 677 (1972); Gant v. Aetna Casualty and Surety Company, 234 So.2d 776 (La. App. 1st Cir. 1970), writ denied, 256 La. 376, 236 So.2d 503 (1970). Accordingly, they argue that the trial court erred in denying them judgment.
The plaintiffs are correct in stating that such a presumption does exist. However, their application of the presumption is erroneous. The presumption is applicable only to negate contributory negligence and not to establish the primary negligence of another. Stated another way, the presumption may be invoked to negate contributory negligence only after the negligence of the defendant has been established by primary evidence. Ebarb v. Southern Farm Bureau Casualty Ins. Co., 251 So.2d 100 (La.App. 3rd Cir. 1971), writ denied, 259 La. 88, 253 So.2d 215 (1971).
The plaintiffs further contend that the adoption of comparative negligence in Louisiana should have an effect upon the previously cited legal presumption. They argue that the testimony at the trial was conflicting and that, therefore, the court should have found mutual fault under the doctrine of comparative negligence.
La. C.C. Art. 2323 states:
"When contributory negligence is applicable to a claim for damages, its effect shall be as follows: If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the claim for damages shall not thereby be defeated, but the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death or loss." (Emphasis added).
Comparative negligence is used to determine the damage award that is available for each party when each party is found to have some degree of fault. A trier's findings as to percentages of fault are factual and, in the absence of clear or manifest error or an abuse of discretion, must be upheld on appeal. Triangle Trucking Co. v. Alexander, 451 So.2d 638 (La.App. 3rd Cir. 1984).
The law of comparative negligence will be applied when both the drivers are found to be negligent. Rome v. State Farm Mut. Auto. Ins. Co., 439 So.2d 1253 (La.App. 5th Cir. 1983). However, the drivers must first be found to be negligent.
The plaintiffs cite three cases in their argument that the trial court was clearly wrong in not finding the parties to be mutually at fault. Faciane v. Green, 379 So.2d 847 (La.App. 4th Cir.1980); Provost *711 v. A.E. Gravois and Sons, Inc., 398 So.2d 1287 (La.App. 4th Cir. 1981); Varnado v. Continental Ins. Co., 446 So.2d 1343 (La. App. 1st Cir. 1984). All three of these cases are distinguishable from the present case. In each of the cases cited, the parties involved in the accident were available at the trial to testify. With their testimony and other relevant evidence, the court, in each case, was able to make a decision in regard to the negligence of the parties.
In the present case, Fruge and Gobert, the two drivers, were unavailable to testify, there were no eyewitnesses, and the physical evidence was too scant to draw the conclusion that the parties were mutually at fault.
For these reasons, we conclude that the learned trial judge did not err when he refused to find Gobert negligent or guilty of mutual fault solely on the basis of the stated presumption.

ISSUE NO. 2
Plaintiffs next contend that, assuming inapplicability of the stated presumption, the record establishes the negligence or fault of Gobert by a preponderance of the evidence and the trial court erred in holding otherwise.
Although the record evidence is scant, it can be reasonably concluded that at the time of the accident the decedent was attempting a left turn into a private drive, while, at the same time, Gobert was engaged in passing the decedent's vehicle.
Considering the above, we believe plaintiffs' contention must be reviewed in light of certain established principles.
It is established that a left turn movement is a dangerous maneuver, which should not be undertaken until the motorist ascertains that it can be made in safety, and it is incumbent on the motorist attempting such a maneuver not only to signal his or her intention to do so, but to look for oncoming and overtaking traffic and ascertain that the turn can be made in reasonable safety. Agency Rent-A-Car v. Hamm, 401 So.2d 1259 (La.App. 1st Cir. 1981); Bize v. Boyer, 402 So.2d 110 (La. App. 3rd Cir. 1981), writ granted, 406 So.2d 610 (La.1981), affirmed, 408 So.2d 1309 (La. 1982); and numerous other cases. This established principle has been codified in La. R.S. 32:104, which provides in pertinent part as follows:
"A. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety." (Emphasis added).
The duties imposed on a motorist overtaking and passing on the left, pertinent under the circumstances presented, are set forth in the Highway Regulatory Act (La. R.S. 32 Sections 73, 75 and 76) and generally provide that a motorist shall overtake and pass to the left at a safe distance; shall not overtake and pass unless the left side is clearly visible and free of oncoming traffic; and, shall not pass when approaching an intersection.
In this case, the trial court found no showing by the plaintiffs that Gobert was driving at an excessive speed; that he was passing a vehicle at a no passing zone with yellow lines in his lane of traffic prohibiting such passing; that the left lane was not free of oncoming traffic; or that he was passing at an intersection.[1] Further, the trial court found there was no evidence of inattention on the part of Gobert. The trial court thus concluded that the plaintiff had simply failed to prove Gobert's negligence by a preponderance of the evidence.
The plaintiffs rely heavily upon the fact that the Gobert vehicle left skid marks for 50 feet before the point of impact and that *712 the two vehicles traveled another 57 feet after the point of impact. The plaintiffs ask the court to conclude from the above, and from the fact that the accident took place in a 50 m.p.h. zone, that the defendant's insured was traveling at an excessive rate of speed.
The plaintiffs did not present an accident reconstruction expert at the trial to help establish the rate of speed of the defendant's automobile. There were no eyewitnesses that testified about the speed of the Gobert automobile. Lastly, the police officer who investigated the accident scene did not make any statements in his accident report or in his trial testimony about the speed of the Gobert vehicle. Indeed, the police officer emphatically stated that he would not estimate the speed of the Gobert automobile.
The plaintiffs also contend that the trial court should have found that the defendant's insured was traveling at an excessive rate of speed because of the extensive damage done to the Fruge vehicle.
Mary C. Fruge was traveling in a small foreign made car while Felicien Gobert was traveling in a larger, much heavier American made automobile. Without the aid of an expert in accident reconstruction, it is impossible to determine how much damage the Gobert vehicle could have produced on the smaller car at any rate of speed. The district court could have easily concluded from the facts that the defendant's insured was traveling at the speed limit or even below the speed limit.
There was, lastly, no clear indication in the record that Fruge used her turn signal before attempting the left hand turn. The investigating police officer testified on cross-examination that immediately after the accident, Gobert had told him that Fruge had not used her turn signal. Upon redirect examination, the police officer testified that he wrote on the accident report that Gobert stated that he did not see signals from the Fruge vehicle.
Although the officer's testimony is somewhat confusing, it does not lead one to conclude by any means that Fruge did indeed use her turn signal. Instead, it was just as reasonable for the trial court to conclude from this testimony that Fruge did not use her turn signal or that there simply was not enough evidence to make a conclusion of fact at all in this instance.
From the foregoing, we conclude that the trial court's findings of facts were not clearly wrong. Without proving some negligence on the part of Gobert, the plaintiffs' case must fall, their demands be rejected, and their suit dismissed at their costs.
Since the plaintiffs have failed to show any negligence on the part of Gobert, it is not necessary for this court to reach the other issues presented.
For the foregoing reasons, the judgment of the trial court is affirmed. Appellants are cast for all costs of this appeal.
AFFIRMED.
NOTES
[1] Additionally, in our view, the record, considering the length of skid marks and the point of impact, prompts the conclusion that Gobert preempted the passing lane prior to the commencement of decedent's left turn maneuver.