[,WEIMER, J.
This matter is before the court following the granting of a motion for summary judgment in favor of defendants, Smith & Core, Inc. and American Central Insurance Company, on the issue of liability. Plaintiff, Vanessa Dodson, appeals that ruling. For reasons that follow, we affirm the ruling of the lower court.
FACTS AND PROCEDURAL BACKGROUND
Suit was filed to recover damages sustained as a result of a motor vehicle accident which occurred on November 2, 1998, in St. Tammany Parish at the intersection of Louisiana Highway 40 and Section Road. Stephanie Dodson and her daughter tragically died when Ms. Dodson pulled into the path of a vehicle driven by Robert Jarrell. Vanessa Dodson, the tutrix of a surviving child of Stephanie Dodson, filed suit. Named as defendants were Smith & Core, Inc., American Central Insurance Company, Robert Jarrell, and State Farm Mutual Automobile Insurance Company. The petition/amending petitions allege the accident was caused by the fault of Robert Jarrell for his failure to be attentive and his failure to maintain proper control of the vehicle he was driving. Additionally, the petition alleges the fault of Smith & Core, Inc. in placing a “For Sale” sign in a position on the corner of Section Road which obstructed Ms. Dodson’s view down Louisiana Highway 40 in the direction of the oncoming vehicle driven by Mr. Jar-rell.
Smith & Core, Inc. and American Central Insurance Company answered the petition denying all liability and, subsequently, filed a motion for summary judgment alleging no genuine issue of material fact.
The hearing on the motion was held on January 19, 2000, at which time the court ruled in favor of Smith & Core, Inc. and American Central Insurance Company granting the motion for summary judgment. A judgment to that effect was signed on January 25, 2000. The judge designated the judgment as final for purposes of appeal. Plaintiff timely appealed the ruling.
*658 J^DISCUSSION
This matter comes to us by means of summary judgment. We are mindful that a motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (10/31/97), 703 So.2d 29; Allain v. Shell Western E & P, Inc., 99-0403, p. 10 (La.App. 1 Cir. 5/12/00), 762 So.2d 709, 715.
In determining whether summary judgment is appropriate, appellate courts are to review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318, 325 (La.1993). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Walker v. Phi Beta Sigma Fraternity (RHO Chapter), 06-2345, p. 6 (La.App. 1 Cir. 12/29/97), 706 So.2d 525, 528; Allain, 99-0403 at 11, 762 So.2d at 716.
In order to determine whether liability exists under the facts of a particular case, plaintiff must prove (1) the conduct in question was the cause-in-fact of the resulting harm, (2) defendant owed a duty of care to plaintiff, (3) the requisite duty was breached by the defendant, and (4) the risk of harm was within the scope of protection afforded by the duty breached, Mundy v. Department of Health & Human Resources, 620 So.2d 811, 813 (La.1993); Walker, 96-2345 at 6, 706 So.2d at 528.
A motion for summary judgment is properly granted if there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish those ends. LSA-C.C.P. art. 966(A)(2).
LThe burden of proof remains with the mover. However, if the mover will not bear the burden of proof at trial on the matter, the mover is not required to negate all essential elements of the adverse party’s claim, but rather to point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. If the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2).
The motion for summary judgment was supported by the affidavit of Calvin Cobb, a claims manager and adjuster for the insurance company. Attached to the affidavit were ten photographs taken at the location where the accident occurred. Some photographs were taken at the stop sign, and some between the stop sign and Highway 40 before reaching Highway 40. The photographs estabhshed that a person, stopping beyond the stop sign prior to entering Highway 40, would have an unobstructed view of traffic approaching from a southerly direction, the direction from which the Jarrell vehicle was approaching the intersection.
Also supporting the motion for summary judgment were excerpts from the depositions of Robert Jarrell, Bridgette Jenkins, Trooper Eric Curlee, and Jacqueline Warren.
Robert Jarrell, the driver of the vehicle which struck Ms. Dodson’s vehicle, testified in deposition that when he saw the *659 bghts of the Dodson vehicle, he saw the vehicle. There was no time to react or take evasive action.
As depicted in the photographs, the stop sign on Section Road is some distance from the actual intersection of the two roadways. There is ample space to safely stop a vehicle past the stop sign prior to reaching Highway 40. If the Smith & Core, Inc. sign obscured a driver’s view when stopped at the stop sign, the driver could proceed forward safely beyond the sign to determine whether it was safe to enter the intersection. Mr. Jarrell’s deposition testimony indicates that Ms. Dodson did not stop at the stop sign. He testified that her vehicle could not have reached the speed she was | ..¡traveling had she stopped at the stop sign. There was no evidence to refute this testimony.
A review of the photographs indicates that the “For Sale” sign did not obstruct the view of the roadway to the extent that it created a hazard. Additionally, there is no proof that the sign actually prevented the deceased from seeing the roadway. Although it is possible that the sign might have obstructed the view if the driver allowed it to do so, a driver is charged with the obligation to stop “at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. After having stopped, the driver shall yield the right of way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.” LSA-R.S. 32:123(B).
Trooper Curlee testified that based on the physical evidence at the scene of the accident, it appeared that Stephanie Dodson failed to yield the right of way at the intersection and that failure resulted in the accident. A motorist is obliged to make sure it is safe prior to entering a highway from a side road. See LSA-R.S. 32:123(B).
In opposition to the motion for summary judgment, plaintiff submitted the depositions of Robert Jarrell, Bridgette Jenkins, Trooper Eric Curlee and Jacqueline Warren. Plaintiff also submitted copies of photographs taken by Trooper Curlee at the accident scene. Additionally an affidavit of Emile Sparacio with photographs was submitted for the purpose of establishing that the “For Sale” sign obstructed a driver’s view of an oncoming vehicle.
Plaintiff argues in brief that the court should have applied the presumption of self-preservation and love of life to find that placement of the sign caused the accident. Plaintiffs reasoning is flawed. The plaintiff is correct in stating that such a presumption exists; however, the presumption is applicable only to negate contributory negligence and not to establish the primary negligence of another. In other words, the presumption may be invoked to negate contributory negligence only after the negligence of the defendant has been established by primary evidence. Benoit v. Hartford Casualty Insurance Company, 478 So.2d 707, 710 (La.App. 3 Cir.1985), writ denied, 480 So.2d 745 (1986).
Review of the cases applying the presumption indicates the presumption of self-preservation and love of life is generally applied in the absence of eyewitnesses. It is a rebuttable presumption. Ebarb v. Southern Farm Bureau Casualty Insurance Company, 251 So.2d 100, 103 (La.App. 3 Cir.), writ denied, 259 La. 881, 253 So.2d 215 (1971). Where there are no eyewitnesses to any act of negligence on the part of the decedent, it is presumed that a decedent acted with ordinary care for his own safety. Stansbury v. Mayor *660 and Councilmen of Morgan City, 228 La. 880, 84 So.2d 445, 448 (La.1955). Nevertheless, the presumption does not come into effect until negligence on the part of defendants has been established. Id.
The presumption appears to have been applied initially in Layne v. Louisiana Power & Light Co., 161 So. 29, 35 (La.App. 2 Cir.1935), when the court quoted the following from Adams v. Iron Cliffs Company, 78 Mich. 271, 44 N.W. 270, 18 Am. St. Rep 441: “ ‘The reason for this rule of law is that life is dear to the normal person, and that he will not willingly do the thing which will extinguish it, but, on the contrary, will exercise due care to preserve it.’ ”
We have carefully reviewed the motion for summary judgment with its supporting documents and the opposition to the motion for summary judgment. We find, as did the trial court, that there was no showing that the actions of the agent for Smith & Core, Inc. in placing the “For Sale” sign at the location near the intersection of Section Road and Highway 40 contributed in any way to the accident involving Stephanie Dodson and Robert Jarrell. Photographs and testimony that the sign could have contributed to this tragic accident are not proof that the sign did contribute to the accident. There is insufficient proof that the placement of the real estate sign was a cause in fact of the accident.
Plaintiff failed to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial. There was no genuine issue of |7material fact. Thus, the granting of the motion for summary judgment in favor of Smith & Core, Inc. and its insurer was proper.
CONCLUSION
For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of and dismissing Smith & Core, Inc. and its insurer, American Central Insurance Company, is affirmed.
Costs of the appeal are assessed to plaintiffrappellant.
AFFIRMED.